BENJAMIN P. WARE *et al.*, *vs.* JOHN E. GOWEN AND B. & B. R. R. COMPANY, trustees.

Hancock, 1875.—March 15, 1876.

*Trustee process. Words—due absolutely, and not on a contingency.*

When labor contracted for is performed, and there remains only to fix its amount and value, the fact, that by the contract the payment is to be made on an estimate and certificate of a third person, does not constitute a contingency within the meaning of the statute. R. S., c. 86, § 55.

The phrase, "due absolutely and not on a contingency," is applicable to the past earnings of a party payable in the future on the estimate and certificate of a third person.

*Thus :* the defendant wrought for the railroad company to the end of May. By the contract, he was to be paid on the middle of June, for the work of May, on the estimate and certificate of the company's engineer. On June 4th the company were served with the plaintiffs' summons to answer as the

trustees of Gowen; the estimate and certificate were completed on June 10th. *Held,* 1, that the company were chargeable as trustees; 2, that payment was due absolutely and not on a contingency; 3, that the amount due on June 1st was not payable till the 15th. R. S., c. 86, § 61.

ON REPORT.

The question was whether the alleged trustees were holden.

*T. W. Vose,* for the plaintiffs.

*H. D. Hadlock,* for the defendants.

LIBBEY, J. By the disclosure of the trustee it appears that at the time of the service of the writ the principal defendant was engaged in the construction of the railroad of the trustee from Bucksport to Bangor, under a contract in writing, containing the following stipulations as to the payment for the work. "In way and manner as follows, to wit: ninety per cent of amount of work done in accordance with schedule prices to be fixed by the engineer of said road, on the fifteenth day of the month following that on which the work is done, and upon the estimate and certificate of said engineer, and at the same rate and time, and in the same manner in each succeeding month, and the reserved sum of ten per cent, shall be paid upon the certificate of said engineer, that said road has been completed in accordance with this contract." The writ was served on the 4th day of June, 1873. The estimate of the work for the preceding month of May, was completed June 10, and the entire amount was $33,481.62, ninety per cent of which was $30,133.46. The trustee had advanced towards payment of this sum $450 before service of the writ.

R. S., c. 86, § 55, clause 4, provides that no trustee shall be charged: "by reason of any money or other thing due from him to the principal defendant, unless at the time of the service of the writ upon him, it is due absolutely and not on any contingency." § 61 of the same chapter, provides that, "any money or other thing due absolutely to the principal defendant, may be attached before it has become payable ; but the trustee shall not be compelled to pay or deliver it before the time appointed therefor by the contract." Was the pay for the work performed in May due absolutely and not on any contingency at the time of the service of the

writ? We think by the true construction of the contract it was, though not payable till the fifteenth of June. The work had been performed. There was nothing further for the contractor to do to be entitled to pay. It only remained for the engineer to measure the work and make his estimate in order to fix the amount to be paid. If the engineer should neglect or unreasonably refuse to make an estimate and certificate of the work, it would not deprive the contractor of his right to pay, but he might bring his suit and prove the amount of work in some other way. The case falls within the rule established in *Ricker et al.* v. *Fairbanks et al.,* 40 Maine, 43.                    *Trustee charged for* $29,683.46.

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and PETERS, JJ., concurred.