## James E. Miller et al.

### v.

## E. T. Scoville et al., for use, etc.

*Garnishment—Where Amount is Payable upon Certificate of Another—Failure to Produce—Waiver.*

1. The contingency that will render a debt not garnishable must be one that affects the debt itself, and not the amount of it, or the time or manner of payment.

2. Where all that remains to be done is to make such calculations as are necessary to ascertain the amount due, the indebtedness is sufficiently certain for the purpose of garnishment.

3. Upon an appeal from a judgment against a certain firm as garnishees, it being contended by it that a given percentage of the contract price was not under a contract duly entered into, to be paid the attachment debtors until the engineer of the railroad in question should certify in writing that their work was completed, this court holds that the debt which was owing from the garnishees under the contract referred to was liable to garnishment notwithstanding the fact that at the date of filing its answer the certificate from the engineer had not been presented, and furthermore that the production thereof was duly waived by certain acts of the garnishees.

[Opinion filed February 19, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. SMITH & PENCE and JOHN MAYNARD HARLAN, for appellants.

Mr. W. W. GURLEY, for appellees.

MORAN, J.   This is an appeal from a judgment rendered against appellants as garnishees.   Appellants, constituting the firm of Miller, Loomis & Gill, had entered into a written contract with the firm of Scoville, Warkley & Melville, the attachment defendants, for certain work to be performed by the latter firm on the Chicago, Santa Fe & California Railroad.   From the garnishees' answer, which was filed January 4, 1888, and stated said contract in effect, it appeared that it was agreed that Miller, Loomis & Gill should retain out of the amount earned on the contract ten per cent of the same until the contract should be completed, and the engineer of the railroad should so certify in writing, and that the engineer had not, at the time of filing said answer, certified in writing or otherwise that said contract had been completely performed on the part of said attachment defendants. On the trial it was shown that the work provided for in said contract was completed in December, 1887, before the commencement of this action, and that there was then owing therefor to the attachment defendants $8,812.39, for which, however, no final estimate of the engineer was made, until April 20, 1888.   No certificate of the engineer that the work had been completely performed, was ever made out or presented to the garnishees.   Judgment went against the garnishees for the amount above stated, and it is now contended, as a ground for reversal, that at the date of the service of the attachment writ, and of the filing of the answer, the claim of the attachment defendants against the garnishees was of so uncertain and contingent a nature, that it was not subject to garnishment.

The contingency, it is argued, which was to render the debt due and certain, was obtaining the engineer's certificate that the contract was performed, and until that was produced it could not be known that appellants were indebted at all. The vice in that argument lies in the assumption that the certificate of the engineer created the debt from appellants to the firm which executed the work. The words of the contract relating to the final payment are, "party of the second part hereby agrees that whenever this contract shall be completely performed on the part of the said party of the first part, and the engineer has certified the same in writing, the said party of the second part shall, within ten days thereafter, pay to the said party of the first part any remaining sums due for the said work according to this contract." This makes the certificate relate to the time when the debt shall be discharged; not to the creation of it. The performance of the work under the contract created the debt between the parties, but its collection by action might not be enforced till the certificates should be produced, or a legal excuse for its non-production shown. The contingency that will render a debt not garnishable must be one that affects the debt itself, and not the amount of it or the time or manner of payment.

The attachment defendants might not be able to maintain an action to recover the money, because, though the debt existed, the event had not yet happened which made it *due;* but the right of garnishment extends not only to debts due, but to debts "which shall thereafter become due," that is, become due after the service of the writ. Now, in this case it is clearly shown that the work was completed. There had been no estimate to definitely fix the amount earned, but it is not contended that would relieve the debt from garnishment. All authorities agree that where that which remains to be done is only to make such measurements or calculations as will ascertain the amount, the indebtedness will be regarded as sufficiently certain for the purpose of garnishment. Now, suppose that the answer in this case had stated the exact facts as they existed at the time it was filed, *i. e.*, that the work mentioned in the contract had been completed, that the money

to be paid therefor had been earned by the attachment defendants, but that said money was not yet due or payable for the reason that the engineer's certificate that the work was completed had not yet been presented, and the garnishees were unable to say when it would be; could it be fairly contended that on such an answer the garnishees should be discharged? If so, the principal debtor could, in all such cases, easily defeat the garnishing creditor from subjecting money earned under the contracts containing similar provisions, to the payment of his debt, by simply omitting to obtain the required certificate.

It must be noted that the work is admitted to have been done. A refusal of the certificate, if applied for, would be unreasonable, and constitute such fraud as would authorize a judgment without the certificate; then is it not more reasonable to say that the debt may be shown to be due by showing a waiver of the certificate, or that it is unreasonably withheld, and that the debt itself is not affected by such certificate, but only the time of payment?

While it may be true, as counsel contends, that the liability of the debtor is no greater as garnishee than in a suit by his creditor against him, yet this proposition is to be understood as having reference to the nature of the indebtedness. By the statute, garnishee proceedings will tie up a debt and render it subject to the attaching creditor's lien when due, which could not be sued for by the principal debtor, because, in order to maintain *his* action the debt must be wholly due.

Where a contractor had done work, the payment for which, by the terms of the contract, was to be made on the estimate and certificates of an engineer, and then nothing further to be done by the contractor to entitle him to be paid, it was held that the fact that the engineer's estimate and certificate had yet to be made, was not a contingency which prevented the party for whom the work was done from being charged as garnishee of the contractor. Ware v. Gowen, 65 Me. 534; Drake on Attachment, Sec. 552.

We conclude, therefore, that the debt which was owing from the garnishees under the contract in this case was liable to garnishment notwithstanding the fact that at the date of

filing the answer the certificate from the engineer had not been presented.

The evidence shows that subsequent to the filing of the answer, and prior to the trial, the garnishees offered to pay the amount due to the principal debtor without the production of the certificate from the engineer that the work had been completed. This, taken in connection with other circumstances shown by the evidence, justified the trial judge in finding as he did, that the production of the written certificate was waived. The finding and judgment of the trial court were in accordance with the facts and the law, and will therefore be affirmed.                         *Judgment affirmed.*