Julius Roth, v. William Kaptowsky and
Fannie Kaptowsky.
Fannie Kaptowsky, for use of Kenneth I. Russ and
Elaine E. Russ, Executors of Last Will and Testa-
ment of Julius Roth, Deceased, Appellant, v. New
York Life Insurance Company, Appellee.

Gen. No. 44,168.

Opinion filed January 5, 1948.  Released for publication January 27, 1948.

HARRY A. KAHN and ODE L. RANKIN, both of Chicago, for appellant.

SEYMOUR M. LEWIS and FRANKLIN J. STRANSKY, both of Chicago, for appellee; FRANKLIN J. STRANSKY, of Chicago, of counsel.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals for the second time from judgments in a garnishment action brought to reach the proceeds of insurance policies issued on the life of one judgment debtor and payable to his co-debtor.

In 1938, plaintiff brought an action against William and Fannie Kaptowsky based on their promissory note for $4,000. Defendants admitted that $1,040 was due on the note, judgment for that amount was entered November 16, 1939, and the cause continued as to the balance of plaintiff's claim.  November 14, 1941, by agreement an additional judgment was entered for $2,500.  In 1944, plaintiff instituted separate garnishment proceedings on the respective judgments, naming the New York Life Insurance Company as garnishee.  These actions were consolidated.  The garnishee answered that it had issued four policies of insurance on the life of William Kaptowsky in which Fannie his wife was named as the beneficiary; that William died before institution of the garnishment proceedings and the total amount due on the four policies was $6,644.41.  The beneficiary (hereafter referred to as intervenor) filed an intervening petition setting up that under the provisions of the policies providing for extended payments of the benefits, she had elected to receive

monthly on all of the policies the aggregate sum of $100, and claiming that the proceeds of the policies were not subject to garnishment. The trial court, finding for the intervenor, discharged the garnishee and plaintiff appealed. This court (326 Ill. App. 415) held that the proceeds of all the policies were subject to garnishment, reversed the judgment and remanded the cause. The Supreme Court (393 Ill. 484) held that the beneficiary had made a valid election to receive the total sum of $100 per month on all the policies, and that the proceeds of the two policies last issued were not subject to garnishment because of provisions that unless otherwise directed by the insured the benefits under the options providing for extended payments should not be transferable or subject to commutation or incumbrance during the lifetime of the payee, and because no directions concerning the benefits had been given by the insured. As to the two earlier policies the court said (p. 494) that these "contain no provision whereby extended payments shall be either unassignable or not subject to incumbrance. As to these latter policies, we are of the opinion that the moneys due thereon monthly under the election of the beneficiary represent a debt owing from the company to the beneficiary which is subject to garnishment." The judgments of this court and of the trial court were reversed and the cause remanded to the trial court with directions to enter a judgment in accordance with the views expressed in the opinion of the Supreme Court.

On remandment the trial court, adopting the views of the intervenor, held that plaintiff's recovery was limited to the proportion of the $400 due on monthly instalments at the time of the filing of the garnishee's answer that the total amount due on the two earlier policies bore to the total amount due on all the policies, and entered judgment for plaintiff for $240.97. From this judgment plaintiff appealed, contending that under the provisions of the garnishment act hereafter

noted, the full proceeds were subject to garnishment and he was entitled to a judgment against the garnishee for all the proceeds of those policies—execution thereon, however, being stayed until 20 days after future monthly instalments became due and payable. The intervenor contends that under the opinion of the Supreme Court plaintiff's recovery is limited to his proportionate amount of the four instalments of $100 each, due and payable at the time of the garnishee's answer, and that under the garnishment act debts payable in the future are not subject to garnishment. ·

We heartily agree with intervenor's contention that this court and the trial court are absolutely bound by the opinion of the Supreme Court, and we have no desire to take a position conflicting in the slightest degree with that opinion. However, we are charged with the responsibility of construing the opinion and determining whether or not the intervenor's contention, that under the opinion plaintiff was limited to the judgment rendered by the trial court, is correct. The language principally relied upon by intervenor is the last sentence quoted above, namely, ''As to these latter policies, we are of the opinion that the moneys due thereon monthly under the election of the beneficiary represent a debt owing from the company to the beneficiary which is subject to garnishment.'' This language must not be separated from its context and must be construed in the light of the facts presented to the court and the question before it for determination. Counsel for all the parties agree that the question of whether or not instalments payable in the future could be reached by garnishment was not presented to the Supreme Court, and according to our analysis of the opinion there is nothing in it to indicate that the court was giving consideration to and determining whether or not the monthly instalments payable in the future could be reached by garnishment. In the preceding paragraph the court determined, as heretofore stated,

that because of the provisions of the two policies last issued the proceeds of such policies were not subject to garnishment. The court then said that the two earlier policies "contain no provision whereby extended payments shall be either unassignable or not subject to incumbrance," and upon that premise stated its opinion "That the moneys due thereon monthly under the election of the beneficiary represent a debt owing from the company to the beneficiary which is subject to garnishment." The "moneys due thereon monthly" are the "extended payments" under the option exercised by the intervenor, and it is the debt represented by the monthly payments which is the subject of garnishment. By the general definition of the term and by the specific language of our garnishment act, the debt includes not only the monthly payments presently due and payable, but those to become due and payable. Thus "debt" is defined in The Century Dictionary as "That which is due from one person to another, whether, money, goods, or services, and whether payable at present or at a future time," and the word "due" is defined in the same dictionary "In *law:* (a) Owing, irrespective of whether the time of payment has arrived: as, money is said to be *due* to creditors although not yet payable." The legislature as early as 1845, specifically provided for reaching debts owing by the garnishee to the judgment debtor but not yet due and payable. Thus by section 18, chapter 9 (Attachments in Circuit Courts), Revised Statutes of 1845, the garnishee was required to answer interrogatories as to credits (debts) "due and owing to the said defendant at the time of the service of the said writ, or at any time after, or which shall or may thereafter become due . . ." Section 19 of the same chapter provided for a contest of the answer of the garnishee, and by section 17 it was provided, in substantially the identical language of section 19 of the present garnishment act (Ill. Rev. Stat. 1947, ch. 62 [Jones Ill. Stats. Ann.

109.284 *et seq.*]) : "Whenever judgment shall be rendered against any garnishee, and it shall appear that the debt from him to the defendant in the attachment is not yet due, execution shall not issue against him until twenty days after the same shall become due. . ." This section limited recovery on negotiable instruments to those maturing before judgment—a provision now found in section 15. Sections 18 and 19 of the statutes of 1845, referred to above, are substantially sections 5 and 7 of the present act. In *Capes for use of Haynes, Gordon & Co. v. Burgess*, 135 Ill. 61, a leading case on garnishment decided in 1890, the court held that section 1 of the garnishment statute "clearly indicates an intention to subject to the process of garnishment two classes of assets and two only, viz, 1. debts owing from the garnishee to the judgment debtor, and, 2. effects or estate of the judgment debtor in the possession, custody or charge of the garnishee," and after considering sections 5 and 7 of the act, substantially the same as the present act, said: "It would thus seem that the language of sections 5 and 7, when properly considered, must be held to limit the claims against a garnishee capable of being reached by this proceeding, to indebtedness the amount of which is liquidated, and does not apply to liabilities for unliquidated damages. These sections therefore are entirely in harmony with section 1."

Intervenor insists that the express language of the statute covering debts to become due and payable, is ineffective and meaningless because "The judgment creditor in a garnishment suit, so far as money, credits, or property due and owing to the judgment debtor by the garnishee, stands in the shoes of the judgment debtor, so that the judgment creditor cannot recover against the garnishee if the judgment debtor could not do so," and cites a number of cases, including some decided by this division of the court, to the effect that in a garnishment suit the rights of the plaintiff are iden-

tical with the rights of the defendant against the garnishee. All of the cases cited are those in which the defendant had no legal claim against the garnishee or the liability of the garnishee depended upon a contingency which might or might not occur, as cases attempting to reach rent or salary to be earned in the future. Plaintiff accepts the validity of the statements relied upon by the intervenor when limited to the cases in which such statements were made but insists that the provisions of the statute making debts not yet payable subject to garnishment, do not advance the payments or in any way alter the contract between the judgment debtor and the garnishee, and that such provisions relate only to the method of procedure effecting the purpose of the legislature in tying up the debt but delaying enforcement of payment until the time specified in the contract. Support for this position is found in *Miller v. Scoville,* 35 Ill. App. 385, 388, where the court says: "While it may be true, as counsel contends, that the liability of the debtor is no greater as garnishee than in a suit by his creditor against him, yet this proposition is to be understood as having reference to the nature of the indebtedness. By the statute, garnishee proceedings will tie up a debt and render it subject to the attaching creditor's lien when due, which could not be sued for by the principal debtor, because, in order to maintain *his* action the debt must be wholly due." This construction of the statute promotes the object of the legislature, which is to make assets of the judgment debtor available for the satisfaction of adjudicated claims. Intervenor's contention would aid the dishonest and fraudulent debtor. Section 19 of the present garnishment act provides for the entry of a judgment against the garnishee for the full amount of the indebtedness due the judgment debtor, and a stay of execution as to the amounts not due and payable at the time of the entry of the judgment. Surely it is not beyond the power of

the court in the present case to enter a judgment against the garnishee for the full amount due on the two policies the proceeds of which are subject to garnishment, with interest on the unpaid balance at the minimum rate of three per cent as provided by the policies, and the staying of the execution as to each monthly payment until 20 days after the maturity thereof, as provided by the statute.

The judgment of the trial court is reversed and the cause remanded with directions to proceed in conformity with this opinion.

*Reversed and remanded with directions.*

FEINBERG and O'CONNOR, JJ., concur.