Mid-States Finance Company, Inc., Plaintiff-Appellee, v. Malcolm H. Redman and Wanda J. Redman, Defendants, W. J. Brown (Also Known as William J. Brown) and Anna Mae Brown, Defendants-Appellants.

Gen. No. 68–56.

Fifth District.

June 18, 1969.

Phelps & Russell, of Carlinville, and Emerson Baetz, of Alton, for appellants.

Ralph T. Smith and John Dale Stobbs, of Alton, for appellee.

EBERSPACHER, J.

This is an appeal from a Final Order entered in the Circuit Court of Madison County denying a Petition To Vacate Judgment, or in the alternative, to open up the judgment and stay execution, and denying a motion to set aside an execution sale under the judgment and to toll the redemption period under the sale.

The Petition To Vacate Judgment filed by the defendants, W. J. Brown and Anna Mae Brown, alleged that the confessed judgment based upon a Complaint and Cognovit was obtained through misrepresentation and fraud by the plaintiff. The Petition was verified and was supported by affidavit. Thereafter, the Plaintiff

filed a Motion To Strike Or Dismiss the Petition and likewise filed an affidavit in support thereof.

It appears from the record and the affidavits filed by the respective parties that on February 13, 1964, the plaintiff filed a Complaint and Confession seeking judgment for $9,915.44 against Malcolm H. Redman, Wanda J. Redman, W. J. Brown and Anna Mae Brown, upon a promissory note bearing their signatures. The promissory note was dated December 7, 1962, in the amount of $11,938.32 and contained a promise to pay that sum in 36 monthly installments of $331.62 each, the last on January 19, 1966. The note was signed by Malcolm H. Redman and Wanda J. Redman as makers and W. J. Brown and Anna Mae Brown, as accommodation parties. The loan was made to finance Redman's operation of his grocery business. It appears that the Browns are the father-in-law and mother-in-law of Mr. Redman.

It further appears that in December 1963 Redman filed a petition under chapter XI of the Bankruptcy Act which sought an arrangement for the benefit of creditors. At the first meeting of creditors held on January 21, 1964, the possibility was discussed of each of Redman's creditors reducing the amount of monthly payments required of Redman. In this regard a proration plan was proposed by Redman on January 29, 1964. It is uncertain when the proration plan was accepted by the plaintiff, the defendant asserting that it was accepted prior to the date of judgment, the plaintiff asserting that it was accepted after the judgment was entered. By any means, Redman apparently made several payments under the proration plan which were paid to the plaintiff as agent for the other creditors. Redman subsequently filed bankruptcy.

On May 23, 1967, writs of execution were served on the Browns and on June 22, 1967, the defendants' first Petition To Vacate the Judgment was filed. The basis of the

first Petition To Vacate Judgment was that the judgment was void because it was entered in Madison County rather than the county where the Browns resided. This petition was denied upon a finding that the Redmans were residents of Madison County and that the notes were made in Madison County. On August 5, 1967, three days before the Sheriff's execution sale, and 3½ years after the judgment was confessed, the defendants filed their second Petition To Vacate Judgment or alternatively to Open Judgment, the denial of which is the basis of the present appeal. While the petition was verified and accompanied by an affidavit and alleged the judgment to be void, the petition was not accompanied by a verified answer which defendants proposed to file, nor did the accompanying affidavit meet the requirements of Supreme Court Rule 191 (c 110A, § 191, Ill Rev Stats 1967), failing in these respects to meet the requirements of Supreme Court Rule 276 (c 110A, § 276, Ill Rev Stats 1967) for a motion to open a judgment taken by confession. Appellees point out that a section 72 (c 110, § 72, Ill Rev Stats 1967) petition must be filed within two years of the date of the entry of the judgment, unless excused because of legal disability, duress or fraudulent concealment of the grounds of relief, Nogle v. Nogle, 53 Ill App2d 457, 202 NE2d 683, and that that two-year requirement is mandatory, Irving v. Rodreques, 27 Ill App2d 75, 169 NE2d 145. Appellants respond that they are proceeding here on the theory that the judgment is void as opposed to being voidable, and that it may be attacked at any time, directly or collaterally. Subsection (7) of section 72, supra, provides that a petition to vacate a void judgment is not affected by that section.

█ The brief filed by the defendants in this court makes no reference to the issues presented in their Petition To Vacate Judgment, the denial of which is the basis of this appeal. From our consideration of the record, it

110

is our opinion that the trial court properly denied the Petition. We note that the Notice of Appeal filed by the defendants specifically states that the appeal is from the Final Order entered by the Circuit Court of Madison County on February 27, 1968, granting the motion of the plaintiff to strike or dismiss the second Petition to Vacate Judgment of the defendants. However, the defendants have apparently abandoned the issues of fraud and misrepresentation raised in that petition in favor of their new found arguments which were not presented to the trial court. Under such circumstances this Court would be justified in not considering the new issues raised by the defendants. Colletti v. Schrieffers Motor Service, Inc., 38 Ill App2d 128, 16 NE2d 659 (1962).

■ ■ The first issue raised by the defendants in their brief is that the judgment is void in that the warrant of attorney in the note authorized the confession of judgment after its maturity and that the attorney that appeared and confessed judgment against the defendant exceeded his warrant inasmuch as it is argued that the note had not reached its maturity. Departure from the warrant of attorney will make the judgment confessed by the attorney void. Keen v. Bump (1918), 286 Ill 11, 121 NE 251, 252; Holmes v. Partridge (1948), 375 Ill 521, 31 NE2d 948, 949; Wolf v. Gainer (1961), 33 Ill App2d 428, 179 NE2d 466, 5 ALR2d 422, and the cases therein cited. Such a warrant should be strictly construed, Hughes v. First Acceptance Corp., 260 Ill App 176, against the party in whose favor it is given, Preisler v. Gulezynski, 264 Ill App 12, and the authority thereby conferred must be strictly pursued and cannot be extended by implication or inference beyond the limits expressed in the instrument. Holmes v. Partridge, supra. The note in question provides as follows:

"$11,938.32 Alton, Illinois December 7, 1962
(Total amount of Note)

111

"After Date for Value Received Undersigned Jointly and Severally Promise to Pay to Mid-States Finance Co., or Order, Eleven Thousand Nine Hundred Thirty-eight and 32/100 Dollars at the Office of Mid-States Finance Co., at Alton, Illinois, in installments as follows, viz.: 36 installments of $331.62 each, and a final installment of $————, the first installment to be paid on the 19th day of January, 1963, and one installment on the 19th day of each succeeding month thereafter until the entire sum is paid, together with interest at the highest legal contract rate after maturity. Upon non-payment of an Installment at Its Maturity All Remaining Installments Shall, at the Option of the Holder, Become Immediately Due and Payable. All Makers, Signers, Endorsers, Sureties, and Guarantors, Severally Waive Notice of Dishonor, Protest, Non-Payment, Presentation for Payment and Note of Protest for Non-Payment, and Do Hereby Waive Notice of any Extension of Time.

"I, We, Do Hereby Authorize, Irrevocably, any Attorney-at-Law, Clerk of Court or Prothonotary to appear for Me, Us, after maturity hereof in any Court of Record in the United States, whether I, We, shall reside within the jurisdiction of such Court or not, in term or vacation, or before any Justice of the Peace, and to waive the issue and service of process and confess a judgment and service of process and confess a judgment against Me/Us in favor of the Holder hereof, for such amount as may appear to be unpaid hereon, together with interest after maturity, costs and 15% of the amount appearing unpaid hereon for collection expenses and attorney fees, which we agree to pay, and to release all error and waive all right of appeal. This Note is secured by Chattel Mortgage, executed by the Undersigned, bearing even date herewith nego-

112

tiable and payable at the office of the legal holder hereof.

/s/ W. J. Brown
 (Co-Maker)
/s/ Anna Mae Brown
Signed /s/ Malcolm H. Redman
Signed /s/ Wanda Jane Redman"

The complaint and confession filed on February 13, 1964, alleged and confessed that there was *due* from the parties $8,622.12 on principal plus attorney fees. The note was attached as an exhibit. Compliance with its terms would have required 13 payments of $331.62 each previous to February 13, 1964, or a total of $4,311.06, and would have left a balance of $7,627.26 due. It thus can be determined from the complaint that there had been an interim default, even though there was no allegation that any sum had become matured or payable. (There is authority in Illinois that the unadorned word "due" includes moneys which may become payable in the future but are not yet payable. Roth v. Kaptowsky (1948), 333 Ill App 112, 116, 76 NE2d 786, 788.) Accordingly, the acceleration clause contained in the note, i. e., "upon non-payment of an installment at its maturity, all remaining installments shall at the option of the holder become immediately due and payable," must be construed as to its effect on the warrant of attorney which authorizes any attorney-at-law to appear "after maturity hereof."

■ It is argued by the defendants that the final installment was not due under its terms until January 19, 1966, and that accordingly, the attorney that appeared for the defendant exceeded his warrant. On the other hand, the plaintiff argues that the note was accelerated to maturity by the defendants' default in making installment payments. Appellants point out that the note did not provide for automatic acceleration upon default

113

in the payment of an installment, but instead gave the holder the option to declare the unpaid balance payable and contend that this distinction is fatal to any contention that maturity was brought about by any default in making the payments. In the complaint confessed there was no allegation that presentment or demand had ever been made. They cite 5 ALR2d 977 (Annotated § 6) where it is stated:

> "Presentment and demand for payment are not necessary in order to charge the maker or acceptor of a negotiable instrument generally; the holder may nevertheless maintain an action thereon. The situation, however, is different where the holder of a negotiable instrument containing an optional acceleration clause wants to exercise his option. He must as a condition precedent to the exercise of his option present the instrument and make a formal demand upon the payor to pay the instrument due."

Illinois cases to support the general rule stated are not cited; appellants contend that the Commercial Code [1] requires presentment and demand as a condition precedent to the exercise of the option to accelerate accomplished by the filing of the suit. Here, however, all signers of the note have waived presentation for payment, so we need not determine whether the Commercial Code requires an allegation of presentment or demand before the option to accelerate could be exercised. It is our opinion that the acceleration of the promissory note which occurred upon the default in making the monthly installments accelerated the note to its maturity. Sweeney v. Kaufman, 168 Ill 233, 48 NE 144 (1897); Fischer v. Jackson, 239 Ill App 322 (1925). Since the note was due and matured and the holder could sue for the

---

[1] C 26, § 3–503(1)(d), Ill Rev Stats 1967, wherein it is provided that "where an instrument is accelerated presentment of payment is due within a reasonable time after the acceleration."

114

entire amount, it follows that the warrant of attorney authorizing a confession of judgment after maturity was operative.

The second argument raised by the defendants is that they were discharged of their liability under the note as a consequence of the agreement by the plaintiff as holder of the note to extend the time of payment and to change the terms of the note with the Redmans without the consent and without express reservation of rights of the defendants. The theory of the defendants, of course, is based upon the premise that the proration agreement was accepted by the plaintiff prior to the date of the judgment. As set forth above, it is unclear from the record on what date the proration plan was accepted. The defendants have presented no evidence as to the date of the acceptance of the proration plan by affidavit or otherwise, but place their reliance upon the ambiguity found in the affidavit filed by the plaintiff. The affidavit filed by the plaintiff, of course, was to meet the issues presented in the defendants' Petition To Vacate Judgment, rather than the new issues raised by the defendant for the first time during the appeal. Under such circumstances such ambiguities will be resolved against the appellant; in other words, the defendants have failed to meet the burden of establishing such facts as are necessary to present the issue here involved.

Accordingly, the judgment shall be affirmed.

Judgment affirmed.

GOLDENHERSH and MORAN, JJ., concur.