JACQUELYN WILBUR, Plaintiff-Appellant, *v.* THOMAS POTPORA *et al.*, Defendants-Appellees.

First District (4th Division)   No. 83—33

Opinion filed March 29, 1984.

Farrell, Edgerton & Hatfield, of West Chicago (Michael P. Edgerton, of counsel), for appellant.

Feiwell, Galper & Lasky, Ltd., of Chicago, for appellees.

PRESIDING JUSTICE LINN delivered the opinion of the court:

Plaintiff, Jacquelyn Wilbur, and defendants, Thomas Potpora and Roger Vlaming, entered into an installment sale agreement whereby plaintiff agreed to sell and defendants agreed to buy four franchises. As consideration for the agreement, defendants gave plaintiff a down payment and signed a promissory note for the balance of the purchase price, to be paid in monthly installments.

After paying one installment, defendants halted further payment, having concluded that plaintiff had fraudulently misrepresented certain facts concerning the franchises.

Plaintiff filed suit for the balance due on the note. Defendants in turn filed a countercomplaint charging fraudulent misrepresentation. Defendants moved for a directed verdict at the close of plaintiff's case, and their motion was granted. Plaintiff's appeal followed.

We affirm in part, reverse in part and remand for a trial on the merits.

FACTS

On December 28, 1977, plaintiff agreed to sell and defendants agreed to buy four franchises to publish T.V. Facts, a weekly booklet that lists scheduled television programs and is distributed free to the public. Revenue from a franchise is derived from the sale of advertising space in the booklets.

After a series of meetings in which plaintiff presented to defendants certain financial statements, customer lists and memoranda indicating the revenue generated by the franchises over the past several

years, the parties entered into an installment contract in which defendants agreed to pay $90,000 for the rights, title and interest to the franchises. As evidence of past business income, and to aid in securing financing of the purchase, defendants took one of the customer lists supplied by plaintiff to defendants' bank. Defendants were able to secure a $35,000 bank loan, $30,000 of which defendants gave to plaintiff as a down payment on the purchase. A payment schedule for the balance of the purchase price was evidenced by a promissory note, executed simultaneously with the agreement, in which defendants agreed to pay $1088.08 each month for five years at an annual interest rate of seven percent. The note, signed by defendants, was attached to the last page of the installment agreement.

In January 1978, defendants timely paid the first installment. Thereafter, having concluded that plaintiff had misrepresented her ownership of the franchises, the number of paying customers purchasing advertising space from the franchises, and, correspondingly, the true incoming revenues, defendants refused to pay further installments. On November 17, 1978, after defendants failed to respond to two written demands for payment, plaintiff filed suit in the law division of the circuit court of Cook County. The original complaint was later amended to include a request for injunctive relief and was thereupon transferred to the chancery division.

Defendants filed an answer to plaintiff's complaint, generally denying all allegations and raising the affirmative defense of fraud in the inducement of the agreement. Defendants also filed a countercomplaint, seeking damages from plaintiff for fraudulent misrepresentation and breach of contract.

On December 16, 1982, counts I and II were tried before the trial judge sitting without a jury. Following opening statements, the court heard plaintiff's case which consisted of the testimony given by plaintiff, by Walter Eisin, the attorney who represented plaintiff following the sale of T.V. Facts to the defendants, and by defendant, Thomas Potpora, called as an adverse witness. Plaintiff then rested her case. Defendants thereupon moved for a directed finding based on the ground that plaintiff had failed to prove she had performed her part of the T.V. Facts contract and had thus failed to establish a *prima facie* case of breach of contract. Plaintiff argued that the action was on the promissory note and not on the agreement, and that because she had established a *prima facie* case on the note, it was not proper to direct a verdict for the defendants at the close of her case. The trial court granted defendants' motion for a directed verdict in their favor. Defendants thereupon took a voluntary nonsuit on the counterclaim.

This appeal followed.

OPINION

■ Where defendants move, as they did in the trial court, for a directed verdict under section 2—1110 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1110), the trial judge must first determine, as a matter of law, whether plaintiff made out a *prima facie* case. (*Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 154-55, 407 N.E.2d 43, 45.) Before the trial court can make this determination, it must first interpret the nature of the cause of action before it.

In the instant case, the lower court found that (1) the present action sounded in contract, and (2) that plaintiff failed to show she performed her part of the contract out of which the action arose. Correctly reasoning that performance of contractual conditions is one of the essential elements of a breach of contract action (*Martin-Trigona v. Bloomington Federal Savings & Loan Association* (1981), 101 Ill. App. 3d 943, 946, 428 N.E.2d 1028, 1031), and that a directed verdict in favor of the defendants is justified when plaintiff fails to prove an element essential to establish a *prima facie* case (*Mangus v. Cock Robin Ice Cream Co.* (1977), 52 Ill. App. 3d 110, 118, 367 N.E.2d 203, 208), the trial court granted defendants' motion for a directed verdict at the close of plaintiff's case.

■ Where a trial court sitting without a jury has ruled on a defendant's motion for judgment at the close of plaintiff's case, a court of review should not reverse the trial court's ruling unless it is manifestly erroneous. (*Kellman v. Arthur Rubloff & Co.* (1979), 68 Ill. App. 3d 799, 803, 386 N.E.2d 502, 505.) While we find that the trial court's determination of the nature of the action is not manifestly erroneous, we must necessarily find that, in light of Supreme Court Rule 133(c) (87 Ill. 2d R. 133(c)), the lower court's decision to grant defendants' motion for a directed verdict is.

■ Uniform Commercial Code section 3—307(2) (Ill. Rev. Stat. 1983, ch. 26, par. 3—307(2)), sets forth the requirements necessary to establish a *prima facie* case on a promissory note. (*Leopold v. Halleck* (1982), 106 Ill. App. 3d 386, 389, 436 N.E.2d 29, 31.) "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." (Ill. Rev. Stat. 1983, ch. 26, par. 3—307(2).) Plaintiff relies upon this standard in asserting that the present action is on the note rather than on the contract. A closer examination of this standard as applied to the facts of the instant case reveals, however, that while this standard is indeed correct, it cannot be met here.

The word "instrument" as used in the Uniform Commercial Code means a negotiable instrument. (Ill. Rev. Stat. 1983, ch. 26, par. 3—102(1)(e).) Any writing, to be a negotiable instrument, must be payable either on demand or at a definite time. (Ill. Rev. Stat. 1983, ch. 26, par. 3—104(1)(c).) An instrument is payable at a definite time if, by its terms, it is payable on or before a stated date or at a fixed period after a stated date (Ill. Rev. Stat. 1983, ch. 26, par. 3—109(1)(a)), or at a definite time subject to any acceleration (Ill. Rev. Stat. 1983, ch. 26, par. 3—109(c)). Thus, absent an acceleration clause, a note is due and owing on the date on which it matures. (*Mid-States Finance Co. v. Redman* (1969), 111 Ill. App. 2d 107, 113-14, 248 N.E.2d 789, 793.) Correspondingly, the right or cause of action of a holder of a note accrues against a maker only when the note matures. *Massman v. Duffy* (1946), 330 Ill. App. 76, 85, 69 N.E.2d 707, 711.

■ In the instant case, the promissory note upon which plaintiff claims this action is based was to mature on or before five years from December 28, 1977, namely, December 28, 1982. The complaint in the present suit was filed prior to November 17, 1978, over four years before the note matured according to its terms. Moreover, as plaintiff's counsel admitted at oral argument and as is readily apparent on the face of the note itself, the note contains no acceleration clause which would provide for automatic acceleration upon default in the payment of an installment. (*Mid-States Finance Co. v. Redman* (1969), 111 Ill. App. 2d 107, 113-14, 248 N.E.2d 789, 793.) It is clear then that at the time the instant suit was filed, a cause of action on the note had not accrued to plaintiff. However, because the complaint does allege the essential elements of a contract claim and in order to permit the controversy to be determined on its merits, we affirm the trial court's finding that the instant action sounds in contract. *Borushek v. Kincaid* (1979), 78 Ill. App. 3d 295, 397 N.E.2d 172, 173.

Thus affirming the trial court's finding as to the nature of the instant action, we turn to the pleadings to determine their sufficiency. Alleging one of the essential elements in a breach of contract action, plaintiff, in her complaint, stated that she had "performed all the conditions on his [*sic*] part under the terms of the contract." This allegation triggered the application of Supreme Court Rule 133(c) (87 Ill. 2d R. 133(c)), which reads as follows:

> "In pleading the performance of a condition precedent in a contract, it is sufficient to allege generally that the party performed all the conditions on his part; if the allegation be denied, the facts must be alleged in connection with the denial showing where in there was a failure to perform."

Defendants responded to plaintiff's allegation of performance with a general denial, stating only that "Defendants deny the allegations contained in Paragraph No. 4 of Plaintiff's Amended Complaint Count I and demand strict proof thereof." Defendants allege no facts in connection with the denial showing how plaintiff failed to perform, thereby failing to satisfy Supreme Court Rule 133(c) (87 Ill. 2d R. 133(c)).

A general denial to an allegation of the performance of a condition precedent is treated as an admission of performance. (*Kalalinick v. Knoll* (1981), 97 Ill. App. 3d 660, 669, 422 N.E.2d 1011, 1018.) Because defendants in the instant case responded to plaintiff's allegation of performance with a general denial, their denial acted as an admission of plaintiff's performance. Overlooking this legal effect, the trial court found that plaintiff (1) failed to present any evidence showing that she had performed, and (2) consequently failed to make out a *prima facie* case of breach. Based upon these findings, the lower court granted defendants' motion for a directed verdict at the close of plaintiff's case. In light of Supreme Court Rule 133(c) (87 Ill. 2d R. 133(c)) and the legal effect of defendants' failure to carry out the requirements of that rule (*Kalalinick v. Knoll* (1981), 97 Ill. App. 3d 660, 669, 422 N.E.2d 1011, 1018), we must find that the trial court's granting of defendant's motion for a directed verdict was manifestly erroneous and reverse the decision of the lower court.

Where a directed verdict for the defendant is reversed, the matter will be remanded to proceed as though the motion had been denied. (*People v. Morris* (1978), 60 Ill. App. 3d 1003, 1008, 377 N.E.2d 210, 214; 87 Ill. 2d R. 366(b)(3)(iii).) In remanding the present case, we note certain problems posed by the pleadings related to the relief sought which, while not affecting our decision here today, require clarification and are best addressed on remand by the trial court.

Defendants in the present action assert an affirmative defense and bring a countercomplaint on the grounds of fraudulent misrepresentation, claiming that both the agreement and the promissory note were induced by certain fraudulent facts presented by plaintiff concerning the status and number of paying customer accounts and her ownership of the franchises. A false statement of material fact as inducement for the execution of a promissory note (*Barrow v. Phillips* (1928), 250 Ill. App. 587, 595), or a contract (*Ainsworth Corp. v. Cenco, Inc.* (1982), 107 Ill. App. 3d 435, 439, 437 N.E.2d 817, 821), is procurement by fraud. One induced to contract through fraud may at his election rescind the contract and recover the consideration that he

has paid or affirm the contract and recover the difference between the property received and what he would have received but for the fraud. (*In re Estate of Neprozatis* (1978), 62 Ill. App. 3d 563, 570, 378 N.E.2d 1345, 1351.) If the defrauded party elects to rescind, he must place the other party in status quo by restoring the property that he has accepted. 62 Ill. App. 3d 563, 570-71.

It is not clear from the pleadings in the present case whether defendants are electing to affirm the contract and sue for damages on the basis of the tort of misrepresentation, or to rescind the contract and cancel the note. Moreover, it is unclear what property has been received by whom, who presently holds title to the property, and who presently has possession. These factual and legal ambiguities impede the trial court's ability to justly and finally resolve this case and obscure the practical effect of any future judgment rendered.

For these reasons, we feel that a proper trial on the merits is in order and, accordingly, we remand for such proceedings. On remand, defendants may move to reinstate their countercomplaint.

Affirmed in part, reversed in part, and remanded.

JOHNSON and JIGANTI, JJ., concur.