WOBBLE LIGHT, INC., an Illinois corporation, Plaintiff,

v.

McLAIN/SMIGIEL PARTNERSHIP, a Michigan partnership, Denny McLain, individually and as a partner of McLain/Smigiel Partnership, and Roger Smigiel, individually and as a partner of McLain/Smigiel partnership, Defendants.

No. 94 C 5393.

United States District Court, N.D. Illinois, Eastern Division.

May 30, 1995.

Anthony J. Crement, Lisa Anne Lopatka, Franczek, Sullivan, Mann, Crement, Hein, Relias, P.C., Chicago, IL, for plaintiff.

Peter Vincent Baugher, Steven A. Weiss, Arthur J. Howe, Veronica Gomez, Schopf & Weiss, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff, Wobble Light, Inc. ("Wobble Light"), entered into a subscription agreement with defendants, McLain/Smigiel Partnership, Denny McLain and Roger Smigiel, pursuant to which defendants promised to make certain payments in return for 51% of the shares of Wobble Light. Following the deterioration of the parties' relationship, Wobble Light filed this lawsuit. Wobble Light's third amended complaint charges the defendants with fraud and violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(c), the Lanham Act, 15 U.S.C. § 1125(a), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. Defendants have moved to dismiss Wobble Light's third amended complaint. For the reasons discussed below, defendants' motion is granted.

### Count I: Fraud

■ In Count I of the complaint, Wobble Light alleges that defendants fraudulently induced it to enter into the subscription agreement and requests damages stemming from that fraud. A party with a fraudulent inducement claim may either affirm the contract and sue for damages or rescind the contract. *Wilbur v. Potpora*, 123 Ill.App.3d 166, 462 N.E.2d 734, 738, 78 Ill.Dec. 615, 619 (1st Dist.1984); *Luciani v. Bestor*, 106 Ill. App.3d 878, 436 N.E.2d 251, 255, 62 Ill.Dec. 501, 505 (3rd Dist.1982). A contract can be rescinded by operation of law or by agreement of the parties. *Kirchhoff v. Rosen*, 227 Ill.App.3d 870, 592 N.E.2d 371, 375, 169 Ill. Dec. 884, 888 (1st Dist.1992). When rescission is court-ordered, the proper measure of damages is restitution. *See e.g. Sciarabba v. Chrysler Corporation*, 173 Ill.App.3d 57, 527 N.E.2d 368, 371, 122 Ill.Dec. 870, 873 (1st Dist.1988). But, "[i]n a mutual agreement to rescind, the parties may absolve themselves from their obligations under such terms as they choose." *Id.* 592 N.E.2d at 376, 169 Ill.Dec. at 889. Any claims relating to the contract may then be asserted only if permitted by the rescission agreement. *Gearon v. Airways Fireproofing System*, 8 Ill.App.2d 317, 132 N.E.2d 62, 65 (1st Dist.1956). In this case, the parties rescinded their contract by agreement of September 9, 1994. Wobble Light does not contend that the agreement allows it the right to sue for the damages sought in the complaint. Accordingly, because Wobble Light has already obtained rescission under its agreement with defendants, it may not sue defendants on the contract for damages for fraudulent inducement.

■ Wobble Light also seeks damages from defendants for "defraud[ing] [it] after the subscription agreement was executed for the purpose of obtaining a controlling interest in Wobble Light, Inc. without paying for it." Third Amended Complaint, ¶ 35, p. 9. A party seeking to state a claim for common law fraud must allege: (1) a false statement of material fact; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) the reliance by the party to whom the statement was made led to that party's injury. *Siegel v. Levy Organization Development Company*, 153 Ill.2d 534, 607 N.E.2d 194, 198, 180 Ill.Dec. 300, 304 (1992).

■ All Wobble Light alleges is that for the purpose of fraudulently obtaining a controlling interest in Wobble Light without paying for it, "[d]efendants intentionally misrepresented to Plaintiff that they had spent in excess of $500,000.00 purportedly on behalf of Wobble Light, Inc." Third Amended Complaint, ¶ 35, p. 9. Wobble Light does not declare that it relied on this statement, that the statement was made to induce it to act, or any reliance on its part led to injury.

Wobble Light's allegation that Defendants falsely testified in Court that they spent more than $500,000.00 on behalf of Wobble Light suffers from the same deficiencies. Complaint, ¶ 35, pp. 9–10. (Wobble Light has not stated a claim for fraud, and therefore Count I will be dismissed.

### Count II: RICO

■ To state a claim under RICO, 18 U.S.C. § 1962(c), a plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). Defendants argue that Wobble Light has not alleged a pattern of racketeering. To prove a pattern, a plaintiff must satisfy the "continuity plus relationship" test by showing two or more predicate acts committed within a ten-year period that are related to one another and pose a threat of continued criminal activity. *Midwest Grinding Company, Inc. v. Spitz*, 976 F.2d 1016, 1022 (7th Cir.1992) (citing *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989); *Sedima, S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. 479, 496 n. 14, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985)).

■ Continuity is "both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *H.J., Inc. v. Northwestern Bell Telephone Co.*, *supra*, 492 U.S. at 241, 109 S.Ct. at 2902. A plaintiff may show continuity over a closed period "by proving a series of related predicates extending over a substantial period of time." *Id.* at 242, 109 S.Ct. at 2902. Acts that occur during a few weeks or months and do not threaten future criminal conduct cannot establish continuity. *Id.; Midwest Grinding Company, Inc. v. Spitz*, *supra*, 976 F.2d at 1024 (and cases cited therein). A plaintiff may also demonstrate continuity by showing that the predicate acts are typical of defendant's "regular way of doing business" or defendant's "way of conducting [its] ongoing legitimate business." *H.J., Inc. v. Northwestern Bell Telephone Co.*, *supra*, 492 U.S. at 242–43, 109 S.Ct. at 2902.

■ With regard to defendants' conduct toward Wobble Light, the allegations in the complaint do not show the continuity required to establish a pattern of racketeering activity. Wobble Light has alleged only one scheme, *i.e.*, a scheme to steal a controlling interest in Wobble Light, and the only victim of that scheme was Wobble Light. The bulk of the alleged scheme transpired over a three-month period during summer, 1994. However, read in the light most favorable to the plaintiff as I am required to do on a motion to dismiss, the complaint alleges a purported scheme that began at the earliest in February, 1994 with the embezzling from Peet Packing Company's pension fund and ended at the very latest when the parties rescinded the subscription agreement in September, 1994. Thus, the scheme lasted, at most, seven months, an insubstantial duration of time under RICO. *See Midwest Grinding Company, Inc. v. Spitz*, *supra*, 976 F.2d at 1024; *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 922 (7th Cir.1992).

The alleged predicate acts are predominantly instances of wire fraud. Courts do not look favorably on the allegation of a pattern based on wire fraud incidents. *Midwest Grinding Company, Inc. v. Spitz*, *supra*, 976 F.2d at 1025 (citations omitted). Moreover, Wobble Light alleges a negligible number of instances of wire fraud. Third Amended Complaint, ¶¶ 13, 15, 21, 22, 26, 28, pp. 3–7. Many of those instances alleged are not even adequately pled under Federal Rule of Civil Procedure 9(b) requiring that "the circumstances constituting fraud ... be stated with particularity." FED.R.CIV.P. 9(b). For instance, paragraphs 13 and 15 of the complaint simply assert that "telephone conversations" occurred and fail to provide other information necessary to allege fraud such as "the identity of the person making the misrepresentation [and] the time, place and content of the misrepresentation." *Uni*Quality, Inc. v. Infotronx, Inc.*, *supra*, 974 F.2d at 922. Accordingly, Wobble Light's claims relating to defendants' attempts to steal a controlling interest in it allege, if anything, a short-term, closed-ended scheme that do not

constitute a pattern of racketeering activity under RICO. *See Uni\*Quality, Inc. v. Infotronx, Inc., supra*, 974 F.2d at 922; *Midwest Grinding Company, Inc. v. Spitz, supra*, 976 F.2d at 1024–25.

Wobble Light apparently attempts to allege that in acquiring or attempting to acquire other companies, the defendants defrauded those companies in the same way they defrauded Wobble Light. Third Amended Complaint, ¶ 38, 40, pp. 10–11. However, the only allegations in the complaint concerning the fraud supposedly conducted on other companies do not plead fraud with particularity as required by Rule 9(b) and are premised with "[u]pon information and belief." *Id* at ¶ 38. Allegations made upon information and belief are not adequate to support a fraud claim unless the facts are inaccessible to the plaintiff; and in that event, the plaintiff is required to state the basis for its suspicion, which Wobble Light has not done. *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir.1992). Thus, Wobble Light's allegations relating to other companies do not assist it in pleading a pattern of racketeering activity.

Wobble Light does not sufficiently allege a pattern of racketeering activity. Accordingly, Count II of the complaint will be dismissed.

### Count III: The Lanham Act

■■■■■ In Count III of the complaint, Wobble Light attempts to allege that defendants violated the Lanham Act, 15 U.S.C. § 1125(a). To successfully plead a violation of the Lanham Act, it is necessary to allege that:

(1) the defendant has made false statements of fact as to its own product or services, with such falsity stemming from actual misstatements, partially correct statements, or failures to disclose;

(2) those statements actually deceived or have a tendency to deceive a substantial section of their audience;

(3) the deception is material in that it is likely to influence purchasing decisions;

(4) the defendant's falsely advertised goods have entered interstate commerce; and

(5) there exists the likelihood of injury, stemming either from a decline in sales or loss in good will.

*Keystone Nissan Co. v. Rosen Motors, Inc.*, 1993 WL 420882, 1993 U.S.Dist. Lexis 14659 (N.D.Ill. October 18, 1993) (citing *Grove Fresh Distributors, Incorporated v. New England Apple Products Company, Incorporated*, 969 F.2d 552, 557 (7th Cir.1992)). Wobble Light fails to plead factor number four. Wobble Light claims that the defendants transmitted via satellite an "info-commercial," produced by one of the defendants' companies, Walter J. Klein Company, Ltd., advertising to viewers nationwide that the Wobble Light was a product of Kristin Enterprises, Inc., another of defendants' corporations. The "info-commercial" urged consumers to purchase the Wobble Light by calling 1–800–249–9319, a toll-free number registered to Kristin Enterprises, Inc., and to send payment for the product to Kristin Enterprises, Inc. However, Wobble Light does not allege that the falsely advertised Wobble Lights entered into the stream of commerce. In fact, Wobble Light specifically states in its brief that "no orders placed by consumers on account of the info-commercial could be filled." Pl.'s Response Brf., p. 14. The complaint fails to allege the requisite five elements of a claim under the Lanham Act. Accordingly, Count III of the complaint will be dismissed.

### Count IV: Illinois Consumer Fraud and Deceptive Trade Practices Act

■■■■■ In Count IV of the complaint, Wobble Light seeks to state a claim under the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/2.[1] The relevant sections of the Act read as follows:

Unfair methods of competition and unfair or deceptive acts or practices ... in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

1. Because Wobble Light failed to respond to defendants' argument that this count should be dismissed, I do not have the benefit of Wobble Light's counter-arguments on this issue.

The terms "trade" and "commerce" mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State.

815 ILCS 505/1(f), 505/2. To allege a violation of Section 2 of the Act, a plaintiff must plead: (1) a deceptive act or practice; (2) that the defendant intended that plaintiff rely on the deception; and (3) that the deception occurred in the course of conduct involving trade or commerce. *Siegel v. Levy Organization Development Company, supra,* 607 N.E.2d at 198, 180 Ill.Dec. at 304. I agree with defendants that the only allegations that could form the basis of Wobble Light's claim under the Act are that defendants misrepresented to the public that they owned Wobble Light by advertising via "info-commercial" the Wobble Light as the product of Kristin Enterprises, Inc.; in the "info-commercial," defendants misrepresented to the public that they could deliver Wobble Lights within three to four weeks of their orders; consumers were deceived by defendants' misrepresentation that they owned Wobble Light as shown by the fact that defendants took several telephone orders for Wobble Lights; defendants corresponded with the public regarding Wobble Lights on Kristin Enterprises, Inc. letterhead which listed Wobble Light as a Kristin Enterprises, Inc. company; and defendants distributed business cards listing Wobble Light as a Kristin Enterprises, Inc. company. Third Amended Complaint, ¶¶ 21–23, pp. 5–6.

Wobble Light fails to plead factor number 2 requiring an allegation that defendants intended Wobble Light to rely on their deceptive acts. The complaint can only be read to allege that the defendants intended to deceive the public about the origin of Wobble Lights and not that defendants intended to deceive *Wobble Light.* Accordingly, because Count IV of the complaint does not allege a violation of the Illinois Consumer Fraud and

Deceptive Trade Practices Act, it will be dismissed.