Gulf, Mobile & Ohio Railroad Company, a Corporation, Plaintiff-Appellant, v. Marion Edwards, Defendant-Appellee.

Gen. No. 68–96.

Third District.

April 25, 1969.

Gillespie, Burke and Gillespie, of Springfield, for appellant.

Kavanagh, Scully, Sudow, White and Frederick, of Peoria, for appellee.

STOUDER, P. J.
. Plaintiff-Appellant, Gulf, Mobile & Ohio Railroad, brought this action in the Circuit Court of Tazewell County for damage to its property caused by the alleged negligence of Defendant-Appellee, Marion Edwards. At the close of plaintiff's evidence in a trial before the court without a jury, defendant moved for judgment in his favor which motion was granted resulting in this appeal by plaintiff.

This action was commenced and heard pursuant to the Small Claims Statute. As a consequence no reporter was present and there is no transcript of the proceedings. The case is before us on an agreed statement of facts and there is no dispute concerning such agreed statement.

The plaintiff railroad sought to recover for the damage to its flasher signals caused when defendant's automobile ran into them. Damages to the signals were stipulated to be $294 and the only issue to be resolved by the trial court was the liability of defendant, if any, therefor. Plaintiff presented the testimony of two witnesses. The first, the railroad local superintendent, testified concerning repair of the signals. Damages having been stipulated the reason for his testimony is not apparent. No claim is made by plaintiff that the testimony of its superintendent has any bearing on the issue of liability. The plaintiff then called defendant, Marion Edwards, to testify as an adverse witness. From his testimony it appears that defendant was operating his automobile in the early morning hours of November 28, 1967, near the corner of 14th and Royal Streets in the City of Pekin, Illinois. His car collided with plaintiff's flasher signals at the

railroad crossing at this corner causing damage to the flasher signals.

Plaintiff then rested and defendant moved to dismiss contending that no evidence of defendant's negligence had been presented. The court granted such motion and entered judgment in favor of defendant.

Plaintiff's sole assignment of error is that the trial court erred in failing to apply the doctrine of res ipsa loquitur to the evidence presented. If, as plaintiff insists, res ipsa loquitur was applicable, a prima facie case was made out requiring defendant to rebut the effect of such case. There appears to be some difference of opinion as to the basis of the trial court's ruling. Plaintiff argues that the only issue presented to the trial court was the general applicability of res ipsa loquitur to that class of cases where an automobile runs off the traveled portion of the highway and strikes a motionless object. Defendant argues the doctrine is neither generally applicable to this type of case nor specifically applicable to the instant case and in particular points to the absence of any evidence tending to prove due care on the part of plaintiff.

Such difference of opinion is we believe immaterial. The two principal cases relied upon by plaintiff, Krump v. Highlander Ice Cream Co., 30 Ill App2d 103, 173 NE2d 822 and Sinclair v. Thomas, 90 Ill App2d 114, 234 NE2d 368, do not support its contention that res ipsa loquitur is applicable either to automobile cases generally or to that type of case exemplified by the instant case. In Krump, an agreed statement of facts was presented from which it appeared that the automobiles operated by each of two defendants, collided at an intersection and thereafter one of the automobiles struck and damaged the building of plaintiff. In reversing a directed verdict in favor of defendants, the court concluded that such facts although meager, were sufficient to require the defendants or one of them, to explain the occurrence of the incident in terms inconsistent with the presumption of negligence inferable

297

from the facts. In Sinclair, the plaintiff passenger (not a guest) sued the driver for negligence when the latter operated the car in which they were riding in such a manner that it collided with a pillar supporting an overhead crossing. The court reversed a directed verdict for defendant indicating that the evidence of collision with the pillar was sufficient evidence of negligence to require defendant's explanation to the contrary.

■ ■ Neither of the foregoing cases applied the doctrine of res ipsa loquitur in order to raise or create a presumption or inference of negligence. Where the presumption of negligence arises from the application of res ipsa loquitur it is true that a duty of explanation is imposed upon the defendant. However this does not mean that wherever there is a duty to rebut or explain one's conduct in a nonnegligent manner such duty arises from the application of the doctrine. Rather this is an expression of the rule that where evidence is presented from which negligence may be inferred, evidence must be presented or exist supporting contrary inferences in order to avoid the bar of a directed verdict or judgment. This is not, however, the application of the doctrine of res ipsa loquitur.

■ In any event a plaintiff is required to prove his due care as a part of a prima facie case based on negligence. Plaintiff argues that this issue was not argued in the trial court and has been presented for the first time on appeal. The proceedings were informal and it is impossible to tell from the record what issues were raised in the trial court. Plaintiff's assignment of error is based on its contention that the evidence which it presented was sufficient to make out a prima facie case. Such prima facie case necessarily includes evidence of plaintiff's due care. Since the precise issue before the trial court was the sufficiency of the evidence it can not be said that there was any waiver of required proof. The authorities relied upon by plaintiff to the effect that defects in plead-

ings may be waived are not applicable, since no such claim is made in the instant case.

Nor do we believe that due care may be implied from the facts presented. Evidence is entirely lacking concerning the location of the signal lights, their size or their visibility. In Linneen v. City of Chicago, 310 Ill App 274, 34 NE2d 100, the court affirmed a judgment against the defendant bridge owner based on its negligence in the location and inadequate visibility of the defendant's bridge. The facts in the instant case are the reverse of those in the Linneen case. However if the negligent location or maintenance of a bridge (an off the traveled roadway structure) may be the proximate cause of an injury as in the Linneen case, the location and maintenance of the flasher signals in the instant case may have also been the proximate cause of the damage resulting to them. Although due care might be implied where the structure damaged is unrelated to the use of a highway, the reason for such implication does not exist where the property damaged is designed to facilitate the use of the highway. The location and maintenance of highway appurtenances are directly related to the use of the highway and the duties of the owners of such appurtenances and those using the highway are mutually related. Due care with respect to highway appurtenances may not be implied merely because such appurtenances are not located on the usually traveled portion of the highway.

Finding no error in the judgment of the Circuit Court of Tazewell County the judgment of such court is affirmed.

Judgment affirmed.

ALLOY and RYAN, JJ., concur.