Merlin P. Danielson, Plaintiff-Appellant, *v.* Elgin Salvage and Supply Co., *et al.*, Defendants-Appellees.

(No. 71-100;

Second District—March 22, 1972.

Caldwell, Berner & Caldwell, of Woodstock, (William L. Caldwell, of counsel,) for appellant.

Kell & Conerty, of Woodstock, and Wotan & Muscarello and Kirkland, Brady, McQueen, Martin & Callaghan, both of Elgin, all for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

The plaintiff was employed at the Terra Cotta Truck Service Company

in Crystal Lake, Illinois on April 22, 1967. On that date Moses Johnson, an employee of Elgin Salvage and Supply Company, was sent to pick up the truck which was being repaired by Terra Cotta. No repairs were being made to the crane portion of the truck. When Johnson arrived he was asked by a Mr. Hulick to load some scrap metal for Terra Cotta. After being advised over the phone that it was all right with his employer, Johnson drove his crane to the scrap metal pile. Johnson directed the plaintiff to back his truck up to the scrap metal pile, which the plaintiff did. Danielson got out of his truck and walked back to the scrap metal. Johnson began operating the crane by raising it and moving it to the north when the boom on the crane fell striking Danielson on the head and shoulders. Danielson brought suit against both Elgin Salvage and Moses Johnson. A jury trial resulted in a verdict in favor of both defendants. From the entry of judgment on the verdict, plaintiff appeals to this court.

Plaintiff first contends that the trial court erred in allowing defendant Johnson to testify as to "what might have occurred" and that the trial judge made certain rulings which were prejudicial and might have influenced the jury.

■■ We need not consider these contentions as neither of them were specified in plaintiff's post trial motion. While it is true, as plaintiff's counsel points out, that a post trial motion need not specify errors in detail, the motion must nonetheless indicate the grounds upon which the litigant relies with sufficient particularly to afford the trial judge identity of the error relied upon. *Osborne v. Leonard* (1968), 99 Ill.App. 2d 391, 240 N.E.2d 769 cited by plaintiff is not authority for a complete omission of the alleged errors in the post trial motion. See also *Krug v. Armour and Co.* (1940), 335 Ill.App. 222, 80 N.E.2d 386 and *Pajak v. Mamsch* (1949), 338 Ill. 337, 87 N.E. 147.

The defendant called one Richard Beinlich as an expert witness. Beinlich was a 35 year old mechanic, had been a mechanic since he was 16 years of age, and had operated a crane repair shop for about two years prior to the accident here in question. As a crane mechanic he maintains approximately one-third of all the cranes being used in the City of Chicago for scrap yards. He was familiar with the crane here in question, had worked on it a week or so before the accident, and had checked it a few days after the accident. Over objection of the plaintiff he testified in answer to the following question: "In your opinion the boom fell because it had a defective part? Yes, the cotter key." He also testified in his opinion that the pin was out of position on the date of the accident because of "a bad cotter—a soft cotter key. You run into these every so often. Some are not as hard as the rest." Upon cross examina-

tion the following was asked by plaintiff's counsel, "In your opinion the boom fell because it had a defective part?" Beinlich answered "Yes, the cotter key." He further testified that the cotter pin was held in place by two cotter keys, one at each end of the pin and that when he examined the same a few days after the accident he found that the pin was held in place by a piece of wire, which he replaced with a cotter key.

■■ Plaintiff contends first that Beinlich was not an expert. It is to be noted that examination of an expert witness may be based upon personal knowledge or upon a hypothetical question. *Sherman v. City of Springfield* (1966), 77 Ill.App.2d 195, 222 N.E.2d 62 at 67:

> "It appears, therefore, that Illinois has followed the rule enunciated in Wigmore, and the trial court erred in not permitting the witness to testify as to his opinion based upon his personal observation."

In the instant case Beinlich testified from personal knowledge and examination of the crane in question. The first case cited by plaintiff is *Gibson v. Healy Brothers and Company* (1969), 109 Ill.App.2d 342, 248 N.E.2d 77. In that case an expert witness was asked a hypothetical question not based on evidence adduced in the trial. The court held that such procedure was not desirable but it was not reversible error. In *Schwartz v. Peoples Gas Light and Coke Company* (1962), 35 Ill.App.2d 25, 181 N.E.2d 826 cited by plaintiff, again a hypothetical question was asked of an expert witness relative to the operation of a gas range. The expert was asked his opinion based upon a hypothetical question relative to vapors resulting from the use of the gas range at a high degree of heat. The court stated that from the cross examination of the expert it was apparent that his answer to the hypothetical question of causation was based on conjecture. In *Marshall v. First American National Bank of Nashville* (1968), 233 N.E.2d 430, cited by plaintiff, two expert witnesses testified relative to the causation of an airplane crash and the court in discussing the testimony of expert witnesses stated in quoting *Schwartz, supra*:

> "The normal function of a witness is to state facts within his personal knowledge. * * * To this general rule there is an important exception making admissible the opinion of an expert. He is considered qualified to provide the often necessary function of drawing inferences from facts which the jurors would not be competent to draw. As a safeguard upon the reliability of such testimony, however, the expert witness, no matter how skilled or experienced, will not be permitted to guess or state a judgment based on mere conjecture." *Id.* at 31—32, 181 N.E.2d at 829.

The court then found that the testimony of the two witnesses therein was based upon "mere conjectures." Examination of these cases does not

indicate that they are applicable to the factual situation before us.

■■ Plaintiff further contends that if Beinlich were an expert, then it was error to allow him to testify as to his opinion as to the cause of the accident as his testimony was not based on facts in evidence; that his testimony was based on conjecture, probability, or speculation, and that the jury should not have been allowed to render a verdict based on his testimony. Beinlich was not only presented as an expert witness but he was a witness who was apparently charged with maintaining the crane in question. He was not asked a hypothetical question but was asked what he found when he examined the mechanism which resulted in the malfunction thereof. Johnson, the operator, testified that the boom dropped; that by pumping it he was able to stop it about five feet above the ground after it had struck plaintiff; that he took off the plate, found that the cotter key had come out, replaced it with a wire, and finished the job of loading the scrap metal. Beinlich then testified that when he examined the crane a few days later he found that the cotter key had been replaced with a wire. There is no question but that the boom fell; the operator testified that the reason it fell was that the cotter key came out which released the pin holding the mechanism and that he repaired or replaced the key with a wire. It obviously worked after he repaired it. Beinlich in examining the mechanism found the wire and so testified. The court in *Krueger v. Friel* (1947), 330 Ill.App. 557, 71 N.E. 2d 815 at 820 stated:

"* * * When an expert witness has personal knowledge or has personal observation and his opinion is sought, a hypothetical presentation is unnecessary, but he may be examined as an expert upon direct interrogation."

■■ In *Bollmeier v. Ford Motor Company* (1970), 265 N.E.2d 212 the Supreme Court in citing *Mahlstedt v. Ideal Lighting Company* (1915), 271 Ill. 154 at 177, 110 N.E. 795 at 802, said:

"Expert evidence is admissible when the witnesses offered as experts have peculiar knowledge or experince not common to the world, which renders their opinions founded on such knowledge or experience an aid to the court or jury in determining the question at issue. Expert testimony is proper when the subject-matter of the injury is of such a character that only persons of skill or experience in it are capable of forming a correct judgment as to any fact connected therewith."

The court in *Bollmeier* went on further to say that the trial court erred in not allowing the expert to testify as to his opinion as to the causation of the accident even though the expert had never worked on a Ford steering mechanism and his work had been limited to Chryster products. Here again, this was based on a hypothetical question.

450

■■ In *Taylor v. Carborundum Company* (1969), 107 Ill.App.2d 12, 246 N.E.2d 898 at 902 the court in citing *Piacentini v. Bonnefil* (1966), 69 Ill.App.2d 433, 217 N.E.2d 507 stated:

"The test of competency for an expert is whether or not he exhibits sufficient knowledge of the subject matter to entitle his opinion to go to the jury * * * A trial court has broad discretion in determining if a witness has been qualified as an expert."

The court there held that the trial court did not abuse its discretion in allowing the expert witness to testify. This court feels that the testimony of Beinlich was not improper and that he was qualified as an expert witness. With or without the testimony of Beinlich, the jury could well have believed the testimony of the operator of the crane. As a matter of fact, Beinlich's testimony is at best cumulative as to the probable cause of the accident.

The complaint herein as amended consists of four counts. The first count is a negligence count against Elgin Salvage only. The second count is a negligence count against Elgin Salvage and Moses Johnson. Plaintiff contends, and apparently the defendant concedes, that this is also a *res ipsa loquitur* count. The plaintiff further contends that the third count is a *res ipsa loquitur* count against Moses Johnson only in that he did not specify particular acts of negligence. The fourth count is also a negligence count against Moses Johnson only. It is to be noted that all counts allege negligence on the part of one or both defendants.

Plaintiff states that the court erred in instructing the jury in two instructions. One of these instructions is IPI 50.3 modified which reads as follows:

"Defendant Elgin Salvage and Supply Co., Inc. is sued as principal and the Defendant Moses Johnson as its agent. It is denied that Moses Johnson was acting within the scope of his authority as an agent of the Defendant Elgin Salvage and Supply Co., Inc. at the time of the occurrence.

If you find that the defendant Moses Johnson was acting within the scope of his authority at the time of the occurrence, and if you find Moses Johnson is liable, then both are liable.

If you find that Moses Johnson is not liable, then neither Defendant is liable.

If you find that the Defendant Moses Johnson is liable but was not acting within the scope of his authority as an agent of the Defendant Elgin Salvage and Supply Co., Inc. at the time of the occurrence, then the Defendant Elgin Salvage and Supply Co., Inc. is not liable."

The other instruction given which plaintiff alleges was error reads as follows:

"On his charge of specific negligence against the Defendant Elgin Salvage and Supply Co., Inc., the Plaintiff has the burden of proving each of the following propositions:
First, that the Plaintiff before and at the time of the occurrence was using ordinary care for his own safety;
Second, that the Defendant, Moses Johnson, acted or failed to act in one of the ways claimed by the Plaintiff as stated to you in these instructions and that in so acting, or failing to act, the Defendant, Moses Johnson, was negligent;
Third, that the Plaintiff was injured;
Fourth, that the negligence of the Defendant, Moses Johnson, was the proximate cause of the injury to the Plaintiff;
Fifth, that the defendant, Moses Johnson, was acting within the scope of his authority as an agent of the Defendant, Elgin Salvage and Supply Co., Inc., at the time of the occurrence.
If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the Plaintiff against the Defendant Elgin Salvage and Supply Co., Inc., but if, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the Defendant Elgin Salvage and Supply Co., Inc."

Defendant contends that the giving of these instructions negated his *res ipsa loquitur* theory. Examination of the record, however, does not disclose that this was the basis of his objection either at the conference on instructions or was this the basis of his objection raised in his post trial motion.

The plaintiff tendered IPI instruction 22.01 on *res ipsa loquitur* which was given. It can thus be seen that the plaintiff was actually proceeding under two theories of recovery. In view of this, this court does not understand why the plaintiff did not tender IPI 22.02 which is the instruction dealing with alternative theories of recovery, namely, *res ipsa loquitur* and specific negligence.

■■ Additionally, the trial court recognized the two theories of the plaintiff. The trial court stated that *res ipsa loquitur* was covered by the giving of the above plaintiff's instruction pertaining thereto. Also, the court tendered a form of verdict in which the jury on the basis of *res ipsa loquitur* could have found against the defendant Elgin Salvage, only. It is difficult to see under the pleading in this case where the plaintiff relies upon two separate theories, one of negligence and one of *res ipsa loquitur,* how the court could avoid giving instructions pertaining to negligence and in this case including the scope of employment.

■■ There is no question but that the plaintiff could proceed on the two theories. The leading case dealing with this is *Metz v. Central Illinois Electric & Gas Company* (1965), 32 Ill.2d 446, 207 N.E.2d 305:

"Whether the doctrine applies in a given case is a question of law which must be decided by the court, but once this has been answered in the affirmative, it is for the trier of fact to weigh the evidence and determine whether the circumstantial evidence of negligence has been overcome by defendant's proof. [Citations.] Such determination of fact may be disturbed by a reviewing court only if contrary to the weight of the evidence. [Citation.]"

The case was submitted to the jury on the two theories of the plaintiff.

■■ Additionally, the court gave four possible verdicts to the jury, briefly stated, one against Johnson only, one in favor of both defendants, one against Elgin Salvage only, and lastly, one against both defendants. In the closing argument plaintiff's counsel seemingly argued the negligence theory only and not until the attorney for Elgin Salvage argued was the question of the two theories brought to the attention of the jury. There is no question that confusion will arise where a party relies upon two independent and separate theories of recovery, particularly where they are interrelated as here. It is the duty of the attorney to separate the theories so that the jury may know upon which or both theories he relies. The confusion in the record, if any, was brought about in part by the attorney for the plaintiff. As indicated above, objection to defendant's instructions on the basis that they nullified his *res ipsa loquitur* theory was not raised in the trial court. We believe the instructions were proper for the reasons enunciated herein.

■■ Plaintiff lastly contends that the verdict is against the manifest weight of the evidence. With this we do not agree. As the Supreme Court stated in *Kotulla v. Great Lakes Terminal and Transport Corporation* (1968), 101 Ill.App.2d 457, 243 N.E.2d 461:

"The verdict of a jury will not be disturbed as being contrary to the manifest weight of the evidence unless, in considering all the evidence, it is conclusive that an opposite verdict should have been reached * * *."

As the court there stated we cannot see that Johnson's testimony and the evidence presented were contradicted by the probabilities. This is a question of fact to be heard by the jury. Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.