THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
DOROTHY MORRIS, Defendant-Appellee.

First District (5th Division)   No. 77-1528

Opinion filed May 19, 1978.

William J. Scott, Attorney General, of Chicago (John M. Collins, Assistant Attorney General, of counsel), for the People.

No brief filed for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this matter, a judgment was entered in favor of defendant at the close of plaintiff's case in a nonjury negligence action. The issue presented on appeal is whether the judgment was against the manifest weight of the evidence.

Plaintiff's complaint alleged that it was in the exercise of ordinary care for the safety of a certain expressway light pole which was struck and damaged by defendant's automobile; that defendant breached her duty to exercise ordinary care by operating her car at an excessive speed, by failing to keep a proper lookout, by failing to remain in the proper lane of travel, by failing to have her brakes in proper working order, by disregarding traffic signs and signals, and by otherwise operating her vehicle in a negligent and careless manner. It was also alleged that the damage to the pole was the direct and proximate result of one of the foregoing acts or omissions.

In her answer, defendant admitted she owned and operated the automobile which struck the light pole in question. She denied, however, that she was negligent and specifically stated "that the collision which occurred was the result of plaintiff's negligence in allowing a hole to remain in the highway which caused defendant's vehicle to go out of control into the light pole upon striking the hole."

Defendant, called as a section 60 adverse witness, testified that she was

exiting the Edens Expressway at Lake Street when her car struck the light pole in question which was located two or three feet from the pavement. The exit ramp curved toward Lake Street and was wet from a prior rain. In answer to a question as to the speed of her car when it struck the light pole, she said, "I was braking, it was sliding."

The investigating police officer, called by plaintiff, testified that the road surface of the exit ramp was in good condition; that defendant told him her car went off the road and hit the light pole but that she did not know how it happened, and that she said nothing about a hole in the pavement. When the officer was asked about the condition of the tires on defendant's car, he responded that the two front tires were completely bald. Defendant's objection to this testimony was sustained.

At the close of plaintiff's case, after it found for defendant, the trial court stated as the basis of its decision that plaintiff did not establish its case by the preponderance of the evidence.

OPINION

■■ No appellee brief has been filed, but we have decided to consider this appeal on its merits under the authority of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, in which it was said "[a] considered judgment of the trial court should not be set aside without some consideration of the merits of the appeal" (63 Ill. 2d 128, 131, 345 N.E.2d 493, 494), and "if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record the judgment of the trial court may be reversed" (63 Ill. 2d 128, 133, 345 N.E.2d 493, 495).

Plaintiff initially contends the court used a preponderance of the evidence standard and that if it had applied the *Pedrick* rule (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504), the judgment would not have been entered because, under *Pedrick*, the evidence when considered in its aspect most favorable to plaintiff, did not so overwhelmingly favor defendant that no contrary verdict passed on that evidence could ever stand.

We note, however, that in *City of Evanston v. Ridgeview House, Inc.* (1976), 64 Ill. 2d 40, 349 N.E.2d 399, there was clarification of the procedure to be followed in reviewing the decision of a trial court granting a judgment in favor of defendant. That court stated:

> "The *Pedrick* rule was designed to prevent a trial judge from assuming the duties of the trier of fact in a jury case. In a trial without a jury, however, the trial judge is the trier of fact, and the *Pedrick* rule is not applicable. In a case tried without a jury, the trial court is to weigh the evidence when a defendant moves for judgment at the close of the plaintiff's case. (Ill. Rev. Stat. 1973, ch.

110, par. 64(3).) In ruling on the defendant's motion for judgment, therefore, the judge had the duty to pass on the credibility of the witnesses and consider the weight and quality of the evidence. In weighing the evidence, the court had the responsibility to consider all the evidence, including any favorable to the defendant. The court was not to consider the evidence in the light most favorable to the plaintiff. Consequently, we will not reverse the decision of the trial court unless that decision is contrary to the manifest weight of the evidence." 64 Ill. 2d 40, 57-58, 349 N.E.2d 399, 407-08.

Thus, we will apply the manifest weight standard required by *City of Evanston* in determining whether the trial court erred in its finding for defendant. In this regard, we note that in a negligence action there must be established a duty owed by defendant to plaintiff, a breach of that duty by defendant, and injury and/or damage proximately resulting to plaintiff from the breach. See *Rios v. Sifuentes* (1976), 38 Ill. App. 3d 128, 347 N.E.2d 337; *Fugate v. Sears, Roebuck & Co.* (1973), 12 Ill. App. 3d 656, 299 N.E.2d 108.

In her answer, defendant admitted she had "a duty to use reasonable care so as not to cause damage to the property of others" and that "her car collided with the light pole." She denied, however, the allegations of her negligence and of plaintiff's freedom from contributory negligence.

■█ ■ At trial, the amount of plaintiff's damages resulting from the collision was admitted. Thus, there remain only the questions as to plaintiff's due care and defendant's negligence. Concerning the former, we have found no evidence of a lack of due care on plaintiff's part. Defendant testified that her car slid into the light pole which was two or three feet from the pavement, and the investigating police officer stated that the pavement was in good condition. Although in her answer defendant stated she struck a hole in the pavement which caused her car to go out of control and strike the pole, she did not so testify, and her answer was not only unverified but was signed by her attorneys. Thus, we believe plaintiff's due care was clearly established.

■█■ We turn then to the question of defendant's negligence and, in this regard, it appears that plaintiff did not prove any of the specific negligent acts or omissions alleged in its complaint. There is no evidence to support the allegations of excessive speed, improper lookout, improper lane driving, brakes in improper order, or a disregard of traffic signs and signals. Plaintiff's complaint, however, also contains the allegation that defendant "otherwise operated [her] said vehicle in a negligent and careless manner." This is an allegation sufficiently general in nature to support the application of the *res ipsa loquitur* doctrine which, as stated in *Collgood, Inc. v. Sands Drug Co.* (1972), 5 Ill. App. 3d 910, 914, 284

N.E.2d 406, 408, "literally means 'the thing speaks for itself'. It allows a rebuttable presumption of negligence to arise upon a proper showing that a particular thing happened. 'The occurrence is, of itself, evidence of negligence'." The purpose of the doctrine is to allow proof of evidence circumstantially when direct evidence concerning the cause of injury is primarily within defendant's knowledge and control. (*Metz v. Central Illinois Electric & Gas Co.* (1965), 32 Ill. 2d 446, 207 N.E.2d 305.) To invoke the doctrine and raise the presumption of negligence, plaintiff must establish that the accident itself affords reasonable evidence that it would not have ordinarily occurred in the absence of someone's negligence; that the instrumentality which caused the injury is within the exclusive control of defendant; and that plaintiff was free from contributory negligence (*Hahn v. Eastern Illinois Office Equipment Co.* (1976), 42 Ill. App. 3d 29, 355 N.E.2d 336, *Bekins Van Lines, Inc. v. Chicago Transit Authority* (1975), 33 Ill. App. 3d 996, 339 N.E.2d 507), and it is now well established that plaintiff may proceed on alternative theories of *res ipsa loquitur* and specific negligence (*Collgood, Inc. v. Sands Drug Co.; Danielson v. Elgin Salvage & Supply Co.* (1972), 4 Ill. App. 3d 445, 280 N.E.2d 778).

■■ Here, we believe that the requirements necessary to create a presumption of negligence in *res ipsa loquitur* are present. First, an automobile collision with a stationary object does not ordinarily happen in the absence of negligence and the doctrine of *res ipsa loquitur* has been applied in such cases. (*House v. Stocker* (1975), 34 Ill. App. 3d 740, 340 N.E.2d 563; see also *Sinclair v. Thomas* (1967), 90 Ill. App. 2d 114, 234 N.E.2d 368; Prosser, Torts §39, at 215 (4th ed. 1971).) Second, defendant's exclusive control was established by her admission in her answer that she was the owner and operator of the car which struck the light pole and from her testimony at trial to that same effect. Third, as stated above, the record establishes that plaintiff was free from contributory negligence.

■■ In view thereof, we find that the evidence supported the application of the doctrine of *res ipsa loquitur* and that a rebuttable presumption of defendant's negligence arose, and we conclude that the entry of the judgment in favor of defendant at the close of plaintiff's case was against the manifest weight of the evidence.

Because this matter will be remanded, we will consider the ruling of the trial court sustaining an objection to a question asked of the investigating police officer as to whether he had observed the condition of the tires on defendant's car. After the officer answered that "the two front tires were completely bald with no tread remaining," defendant made an objection on the ground that there was no mention of tires in the complaint. Plaintiff's attorney responded that the testimony was admissible under the general negligence allegation in the complaint.

██ █ Initially, we note that the objection should not have been sustained on the ground that there was no allegation in the complaint concerning tires. A cause of action based on negligence may allege generally that defendant was negligent and need not allege the specific facts constituting the negligence. (*Miller v. Kresge Co.* (1922), 306 Ill. 104, 137 N.E. 385; *Mims v. New York Life Insurance Co.* (1971), 133 Ill. App. 2d 283, 273 N.E.2d 186.) In the instant case, plaintiff's complaint—although not containing an allegation concerning the condition of defendant's tires, did include the general allegation that she operated her car in a negligent and careless manner. In view thereof and because defendant testified that her car slid into the light pole, we believe the testimony that her tires were bald may have been a factor in the sliding of her vehicle and thus be probative of her negligence.

For the reasons stated, the judgment is reversed and, under Supreme Court Rule 366(b)(3)(iii), this matter is remanded with directions to proceed as though the motion had been denied.

Reversed and remanded with directions.

LORENZ and WILSON, JJ., concur.