Mia Pushauer, Plaintiff-Appellee, v. Genie Demers, Defendant-Appellant.

Gen. No. 51,346.

First District, Third Division.

August 24, 1967.

Treacy & Breen, of Chicago (John J. Treacy, of counsel), for appellant.

Martin J. McGuire, of Chicago (Robert J. Rafferty, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In an action for personal injuries the jury returned a verdict of $6,800 in favor of the plaintiff and judgment was entered thereon. Defendant appeals, alleging as error (1) that the judge dismissed prospective jurors on his own motion where there was no showing of cause; (2) that the court allowed evidence revealing that defendant had been an actress; (3) that the court refused to submit to the jury a special interrogatory tendered by the defendant with respect to contributory negligence; and (4) that the court submitted an improper instruction to the jury. The facts follow.

Defendant, who was driving a small English Ford with a stick gear shift, was proceeding north on Artesian Avenue in Chicago when she stopped for a stop sign at the intersection of Devon Avenue. Plaintiff was walk-

ing west on the south side of Devon Avenue. She testified that she began to cross Artesian Avenue within a designated crosswalk for pedestrians; that she saw the defendant's car stopped three or four feet south of the left-hand white line of the crosswalk; that as she proceeded across the street the defendant's car bumped her lightly; that she turned around and the car struck her again with greater force. Plaintiff testified that when she told the defendant she was badly hurt, defendant accused her of faking an injury to obtain insurance proceeds, but that after some conversation the defendant drove her to a police station and the police took her to the hospital. The plaintiff and a doctor testified as to her injuries. No point is made by the defendant as to the amount of damages.

Defendant, called as an adverse witness pursuant to section 60 of the Civil Practice Act, testified that she came to a stop behind the crosswalk; that being unable to see the traffic on Devon Avenue, she edged forward to gain a better view; that she did not see the plaintiff enter the crosswalk and became aware of her for the first time when plaintiff was only one foot away from her moving vehicle; that she immediately applied the brakes and that her car never struck the plaintiff. Defendant further testified that upon applying the brakes, she turned to look at her child in the rear seat; that her car did not lurch forward at that time; that she kept her foot on the brake pedal and did not disengage the gears or shift into neutral; that the first thing plaintiff said was "Watch where you are going," and that she replied, "Where on earth did you come from?" and that they argued as to whether the plaintiff was in fact injured, and that the defendant finally agreed to drive plaintiff to the hospital.

Defendant first contends that the court erred in excusing three veniremen on its own motion before de-

fendant had the opportunity to interrogate them. The objection appears to be that these veniremen might have been acceptable to defendant and not subject to disqualification for cause. Hence the plaintiff would have been required to exercise some of her peremptory challenges if she wished to exclude them. Defendant admits however that she cannot show prejudice resulting from the court's action because plaintiff invoked only one of her peremptory challenges and had four remaining, which would have been sufficient to excuse the prospective jurors in any event. Counsel explained to this court in oral argument that he makes the point in the interest of the profession generally; that is, in order to restrain judges from making it a general practice to pick a jury for the parties. The right of the courts to expedite the selection of a jury has long been recognized. Supreme Court Rule 234, 36 Ill2d 85, provides:

> "The judge shall initiate the voir dire examination of jurors by identifying the parties and their respective counsel and briefly outlining the nature of the case. The judge shall then put to the jurors any questions which he thinks necessary, touching their qualifications to serve as jurors in the cause on trial. The parties or their attorneys shall be allowed a reasonable opportunity to supplement such examination, but shall not directly or indirectly examine jurors concerning matters of law or instructions."

This procedure was also standard practice under the previous Supreme Court Rules, Ill Rev Stats, c 110, § 101.24–1 (1965). Clearly it is no longer expected of a judge in a jury trial that he shall sit like his "grandsire cut in alabaster."

██ ██ In a case such as this, where no prejudicial error is charged, we see no occasion for determining the limits within which the trial judge may question pro-

spective jurors. We note only that the court in the instant case acted fairly and wisely and that two of the three persons whom he dismissed had already indicated that they might be prejudiced in their evaluation of the issues in the case. In the light of the existing congested calendars, particularly in this branch of litigation, we consider it a wholesome and sound practice to have the judge discreetly direct the examination of jurors.

 The second contention is that the court erred in allowing plaintiff's attorney to question the defendant as to whether she had been an actress. In the course of the defendant's testimony she made repeated emotional outbursts which appeared to the trial court and appear to us to have been histrionic. She called upon God as her witness and gloomily declared, "My word is no good in this court." A conference was held in chambers on this phase of the case and there the court considered the matter in connection with plaintiff's motion for a mistrial based on the fear that the jury would be moved to sympathy with the defendant because of her tears and her invocation to deity. The court denied plaintiff's motion, but held that he could ask about her previous career as an actress. The background and personal habits of a witness are not ordinarily relevant. Hedge v. Midwest Contractors Equipment Co., 53 Ill App 2d 365, 202 NE2d 869; Marut v. Costello, 53 Ill App2d 340, 202 NE2d 853. But where such evidence may have a bearing on the credibility of the witness and explains histrionics and avowals of truth, it is relevant. The evidence was properly admitted in this case.

 Defendant's third contention is that it was error for the court to refuse to submit to the jury a special interrogatory dealing with the issue of contributory negligence. It is well settled that the submission of a special interrogatory is mandatory when it relates to an ultimate issue of fact which is in dispute. Moyers v. Chicago & E. I. R. Co., 43 Ill App2d 316, 193 NE2d

604. Plaintiff's position however is that there is no evidence of contributory negligence and hence no reason to submit the tendered interrogatory. The resolution of this issue turns on an examination of the testimony and the applicable statute.

Plaintiff testified that she saw the defendant's car stopped behind the white line of the crosswalk and that she began to walk across the intersection within the crosswalk. Nothing in the defendant's testimony controverts this vital element of the plaintiff's case. Defendant admits that she was stopped behind the crosswalk, that she was looking to her left to gain a view of traffic, that she edged forward, having seen no pedestrians, and that she first saw the plaintiff a foot from her moving vehicle. The parties agree that the intersection was controlled by stop signs and the relevant statute is as follows:

> "(c) Whenever stop signs . . . are in place at an intersection or at a plainly marked crosswalk between intersections, pedestrians shall have the right-of-way over drivers of vehicles. . . ." Ill Rev Stats, c 95½, § 171 (1965).

In Rees v. Spillane, 341 Ill App 647, 94 NE2d 686, the court said (p 656):

> "When the plaintiff undertook to cross Jefferson Street at the marked crosswalk . . . she had a right to assume that all automobiles being driven upon that street . . . would be operated with reasonable care and that they would be under such control that they would not collide with her. It would appear . . . that the plaintiff's misfortune was due entirely to the negligence of the defendant."

This is precisely the case here. There is no evidence that the plaintiff was negligent and it was therefore proper to refuse the tendered interrogatory.

■ Defendant's fourth and final contention is that the court gave an improper instruction on the subject of proximate cause. Plaintiff points out that at no time during the conference on instructions did the defendant's attorney object to the instruction in question. Failure to object to an instruction at the conference waives the right to raise that objection on appeal. Saunders v. Schultz, 20 Ill2d 301, 170 NE2d 163.

We find no error in the trial of this case.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.