ANNA QUARANTA, Plaintiff-Appellant, *v.* EDWARD REARDON *et al.*, Defendants-Appellees.

(No. 59121; ▮▮▮▮▮▮▮▮▮▮

First District (4th Division)—May 14, 1975.

Joseph R. Curcio, Edward Finnegan, Sidney Z. Karasik, and Gary E. Dienstag, all of Chicago, for appellant.

Jacobs, Williams and Montgomery, Ltd., of Chicago (Barry L. Kroll, of counsel), for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. Plaintiff brought an action for damages resulting from personal injuries incurred when plaintiff, while a pedestrian walking within a pedestrian crosswalk, was struck by a vehicle driven by defendant Edward Reardon, an employee of defendant Zenith Radio Corporation. At the close of the trial, the jury returned a general verdict in favor of the plaintiff in the amount of $8,000. The jury, however, in answering a special interrogatory found the plaintiff guilty of contributory negligence. The trial court thereafter entered judgment in favor of defendant consistent with the special finding.

The only issue presented on appeal is whether the evidence presented at trial regarding the contributory negligence of the plaintiff was sufficient to put the question to the jury by special interrogatory.

On October 28, 1970, the plaintiff, Anna Quaranta, while walking within a pedestrian crosswalk at the intersection of Dickens and Narragansett in Chicago, was struck by a vehicle driven by defendant Edward Reardon, an employee of defendant Zenith Radio Corporation. Reardon was making a right turn onto Narragansett when the accident occurred.

At trial, defendant Zenith Radio Corporation admitted that at the time of the occurrence defendant Reardon was acting within the scope of his employment and was guilty of negligence. Reardon was thereafter dismissed by plaintiff as a party defendant.

Reardon testified the accident occurred at approximately 10:30 A.M. It was a damp, misty morning, and his windshield wipers were operating. He was familiar with the intersection because it was only three blocks from the Zenith plant where he worked. Reardon testified there is a stop sign on Dickens which controls the flow of traffic westbound across Narragansett. Reardon came to the stop sign on the northeast corner of the intersection and stopped. The front of his car was even with the stop sign. As he stopped, he looked to his left and then to his right and observed light traffic. Reardon stated he did not see any pedestrian at the time. While he was stopped for 15 to 30 seconds, Reardon picked up a notebook lying on the front seat and put it in his pocket. He then began to make his right turn. As he turned, he saw the plaintiff and immediately applied his brakes but was unable to avoid striking her. Reardon further testified the plaintiff was three-fourths of the way across the intersection

when he first saw her. Plaintiff was in the crosswalk at all times, even after she was struck by the vehicle.

Testifying through an interpreter, plaintiff stated she was walking east along Dickens when she approached its intersection with Narragansett. She looked to her left and right as she stepped into the street and walked within the crosswalk. The plaintiff further testified she was beyond the middle of the intersection when she was struck by the vehicle. Following the accident, plaintiff was taken to St. Anne's Hospital, where she remained for 3 weeks.

At the conclusion of all the testimony, plaintiff moved for a directed verdict on the issue of liability. The trial court denied her motion. The jury was subsequently instructed, over plaintiff's objection, on the issue of contributory negligence. Also over plaintiff's objection, the trial court submitted a special interrogatory to the jury, which provided:

> "Do you find from the greater weight of the evidence in this case that plaintiff was free from negligence at and immediately prior to the occurrence involved in this cause, which proximately caused or contributed to cause her injury?"

The jury returned a general verdict in favor of plaintiff in the amount of $8,000. In answer to the special interrogatory, however, the jury specifically found that plaintiff was guilty of contributory negligence. The trial court set side the general verdict and entered judgment in favor of defendant consistent with the jury's special finding.

Plaintiff contends the trial court erred in submitting the issue of contributory negligence to the jury since the evidence so overwhelmingly established that plaintiff was not negligent. In support of her contention, plaintiff relies primarily on the decision in *Reese v. Buhle* (1957), 16 Ill. App.2d 13, wherein the appellate court held the refusal of the trial judge to give an instruction in the language of the Illinois statute according a pedestrian a right-of-way where the pedestrian crosses the roadway within a marked crosswalk, was reversible error. The court stated therein:

> "It will be noted that the statute not only gives the pedestrian the right of way, but provides a definition. It requires the motorist to slow down or *stop, if need be*. The motorist must be prepared to stop." 16 Ill.App.2d 13, 17. (Emphasis added.)

We agree with the plaintiff's contention that the trial court erred in submitting the issue of plaintiff's contributory negligence to the jury. It is improper to submit the issue of contributory negligence to the jury when unsupported by the evidence. (*Pushauer v. Demers* (1967), 86 Ill.App.2d 251.) In *Galatzer v. Schwartz* (1960), 26 Ill.App.2d 398 (abstract opinion), the plaintiff was also struck by a vehicle as she was crossing the

street within a pedestrian crosswalk. The trial court denied her motion for directed verdict, and the issue of her contributory negligence was submitted to the jury. In reversing the lower court, the appellate court stated:

> "We think the trial court committed reversible error in denying plaintiff's motion for a directed verdict of guilty at the close of all the evidence and in submitting to the jury the issues of plaintiff's contributory negligence and defendant's negligence proximately causing the injuries."

The same conclusion must be reached in the instant case. Since the record reveals there was no evidence presented establishing the plaintiff's contributory negligence, it was improper for the trial court to submit that question to the jury.

■■ Having erroneously submitted the special interrogatory to the jury, the court should have set aside the special finding as contrary to the manifest weight of the evidence. While the answer to a special interrogatory will normally control the general verdict, such answer has no binding effect upon the trial court when it has no substantial evidentiary support, or when the determination is contrary to the manifest weight of the evidence. (*Freeman v. Chicago Transit Authority* (1965), 33 Ill.2d 103.) In *Kirby v. Swedberg* (1969), 117 Ill.App.2d 217, the appellate court held:

> "We believe that an answer to a special interrogatory should be set aside only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the party presenting the special interrogatory that no contrary answer to the interrogatory based on that evidence could ever stand.  *  *  *  If the answer to the special interrogatory is contrary to the manifest weight of the evidence, then a new trial should be ordered."

In the present case, the evidence so overwhelmingly favored the plaintiff that the trial court erred in not setting aside the answer to the special interrogatory.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is reversed and remanded for a new trial on all the issues.

Reversed and remanded for a new trial.

BURMAN and JOHNSON, JJ., concur.