HERMAN FOX, Plaintiff-Appellee, v. WALTER CALHOUN, Defendant-Appellant.

(No. 60916;

First District (1st Division)—November 17, 1975.

Garbutt & Jacobson Associated, of Chicago (John R. Garofalo, of counsel), for appellant.

Harry S. Posner, of Chicago, for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

The defendant, Walter Calhoun, appeals from the order of the trial court denying his motion for judgment notwithstanding the verdict. A verdict was directed in favor of the plaintiff, Herman Fox, on the issue of liability and only the question of damages was submitted to the jury which returned a verdict for $7000 in favor of the plaintiff.

The plaintiff, a 68-year-old pedestrian, was injured when struck by defendant's car. He testified that he disembarked from a northbound CTA bus at the corner of Inner Lake Shore Drive and Roscoe Streets

in Chicago. It was about 3:15 p.m. on a clear afternoon that he alighted from the bus on the southeast corner of the T intersection where it had stopped at a red light. The plaintiff looked across Inner Lake Shore Drive to the southwest corner where there was a traffic control signal with a "Walk" direction. He saw the "Walk" signal illuminated and then proceeded in front of the bus in the crosswalk. After he reached the corner of the bus he looked to his left, saw no car, and then looked to his right. He proceeded 3 to 4 feet beyond the corner of the bus when he was struck from the left by defendant's car and knocked over. He rolled about 10 feet into the intersection.

The defendant testified that he stopped at a red light at Roscoe Street, several feet behind the CTA bus which was immediately to his right. The front of his car was about even with the "broad white line" which was several feet south of the crosswalk. He could not see the light on the southeast corner because it was obstructed by the bus, nor could he see any passengers who might be getting off the bus or walking in front of the bus. He watched the lights on the northwest corner while waiting for the light to change to green. When the light changed to green, he took his foot off the brake. He did not see Mr. Fox until he was in front of the center of defendant's car, as the car was moving forward.

The defendant's brother who was in defendant's car at the time of the accident also testified that they stopped at the red light at Roscoe Street beside the CTA bus. He first saw the plaintiff when he was 6 feet in front of his brother's car. His brother hit the plaintiff who then fell in front of the bus. He testified that the bus, whose front end was in the crosswalk, did not hit the plaintiff.

A city traffic engineer testified that the only signal on the southwest corner was a "Walk" signal which remains lit for 6 seconds and then goes out. No "Don't Walk" signal appears, but the light for traffic on Inner Lake Shore Drive remains red for an additional 13 seconds to permit pedestrians to get across the street.

The defendant contends that the trial court erred in directing a verdict against him on the issue of liability because his own testimony supported by that of his brother was sufficient to contradict that of the plaintiff, and to raise issues of fact requiring their submission to the jury. The defendant argues that the evidence did not show that he was negligent as a matter of law, and that the trial court erroneously weighed the credibility of the witnesses in directing a verdict. We conclude that the trial court did not err in directing a verdict for the plaintiff on the issue of liability.

■■ The Illinois Vehicle Code (Ill. Rev. Stat. 1969, ch. 95½, § 11—803) provides that:

"No person shall start a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety."

The uncontradicted testimony in this case shows that the defendant was stopped to the left and a short distance behind a CTA bus at the intersection. The defendant admitted that the bus blocked his view of any pedestrians who might be walking in front of the bus. Nevertheless, when the light changed to green he took his foot off the brake and started to move forward. The defendant could not move forward with reasonable safety until he was certain that there were no pedestrians attempting to cross the street who were hidden from his view behind the bus. Anything less constitutes negligence under the statute.

The court dealt with an argument in *Petersen v. General Rug & Carpet Cleaners, Inc.* (1947), 333 Ill.App. 47, 77 N.E.2d 58, similar to defendant's in this case. There the view of a pedestrian crossing the street was blocked by a street car. The court stated:

"Counsel ignore the plain fact that the drivers of the vehicles were presumed to have known that pedestrians were apt to be crossing the intersection, and that it was their duty to have their vehicles under control so that when the streetcar passed beyond their right of travel they could slow down, or stop their vehicles, if necessary, to observe the situation at the crossing * * *. If they had paused but for a few seconds when the streetcar passed they would have seen plaintiff proceeding upon the crosswalk and would have had ample opportunity to avoid injuring her." (333 Ill.App. 47, 61-62.)

Mr. Calhoun could not have moved forward with safety until he was certain that no pedestrians were hidden by the bus. The minor precaution of pausing a few moments before moving forward was required by the statute and would have prevented the injury to Mr. Fox.

The trial court's decision to direct a verdict is supported not only by the negligence of the defendant in moving forward when it was not reasonably safe for him to do so, but also by the plaintiff having the superior right-of-way. Defendant argues that a fact issue was raised by his testimony and that of his brother that he did not start forward until the light facing him changed to green. Accepting their testimony as true, their argument ignores the right-of-way rules set forth in Section 11—306(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1969, ch. 95½, § 11—306(a)), which describes the rights of vehicular traffic facing a green signal as follows:

"* * * [Traffic] may proceed straight through or turn right or left * * *. But vehicular traffic shall yield the right-of-way

to other vehicles and to pedestrians lawfully within the intersection at the time such signal is exhibited."

The defendant did not have an absolute right-of-way over anybody or anything already within the intersection. His right to move forward was contingent upon the absence of a superior right-of-way in someone else. He had no right to proceed without regard to the possibility that he might have to yield to another.

■ Under the statutes of Illinois, the plaintiff had the superior right-of-way:

> "While the 'Walk' indication is illuminated, pedestrians facing such signal may proceed across the roadway in the direction of the signal, and shall be given the right-of-way by the drivers of all vehicles." (Ill. Rev. Stat. 1969, ch. 95½, § 11—307(a).)

The only evidence as to when the plaintiff started across the street was his own testimony that he looked at the signal and started across the street while the "Walk" signal was illuminated. This evidence was uncontradicted. Defendant and his brother only testified that they started forward when the light turned green. Defendant did not claim to have seen the walk signal and could not therefore testify when the plaintiff started to cross in front of the bus. The evidence allowed no conclusion other than that the plaintiff was lawfully in the intersection.

Once lawfully in the intersection, whether within the crosswalk or outside it, as the defendant testified Mr. Fox was,[1] the plaintiff was entitled as the pedestrian to continue across the street despite the fact that the light for northbound traffic changed to green. It has long been the rule in Illinois that a pedestrian who has entered an intersection when the light is in his favor is rightfully within the intersection and because the light changes the pedestrian does not lose his right to a reasonable time and opportunity to complete his crossing rather than becoming fair game for vehicular traffic. (*Petersen v. General Rug & Carpet Cleaners, Inc.* (1947), 333 Ill.App. 47, 77 N.E.2d 58; *Mahan v. Richardson* (1936), 284 Ill.App. 493, 1 N.E.2d 100; Ill. Rev. Stat. 1969, ch. 95½, § 11—306.) Rigorous enforcement of these pedestrian rights is necessary to protect pedestrians against dangerous misuse of automobiles and to prevent countless injuries and deaths. See *Reese v. Buhle* (1957), 16 Ill.App.2d 13, 147 N.E.2d 431.

■■ The defendant argues that the plaintiff did not exercise reasonable

---

[1] We note that defendant testified that plaintiff was outside of the crosswalk but not how far. Since the bus was only a few feet in front of the defendant's car, had the plaintiff been a substantial distance north of the crosswalk he would have been visible to defendant.

care for his own safety because he failed to observe impending danger. The plaintiff testified that he looked to the left as he approached the corner of the bus but did not see the defendant's car, looked to the right, continued across the street, and was hit several seconds later. That plaintiff did not see defendant's car does not establish contributory negligence because to some extent the bus and the angle of the street blocked his view. The defendant's car was at least 6 feet away from the plaintiff when defendant and his brother first saw him and the car had already begun to move according to the testimony of the defendant. This testimony indicates that the car was 8 or 10 feet behind the front of the bus. If the defendant's car was that distance behind the front of the bus when the plaintiff looked to his left he would not necessarily have seen defendant's car. Since plaintiff was already in front of the bus he could not just stay where he was and was not contributorily negligent in continuing forward. This evidence does not raise the issue of contributory negligence because the plaintiff had the right to continue across after looking for cars and to assume that vehicles would be operated with reasonable care to avoid hitting him. *Pushauer v. Demers* (1967), 86 Ill.App.2d 251, 229 N.E.2d 908; *Rees v. Spillane* (1950), 341 Ill.App. 647, 94 N.E.2d 686.

■■ We agree with the defendant that a trial court may not weigh the credibility of the witnesses in passing upon a motion for a directed verdict. (*Kitch v. Adkins* (1952), 346 Ill.App. 342, 105 N.E.2d 527.) The trial judge's comments about the credibility of the defendant and his brother came only after he had already ruled on the motion and had clearly stated that the only evidence in the record was that the plaintiff was lawfully in the crosswalk. In context, the remarks do not show that the trial judge considered credibility in directing a verdict for the plaintiff.

Because the defendant proceeded to move through the intersection at a time when he could not do so with reasonable safety and failed to yield to the plaintiff who had the superior right-of-way, the trial court correctly directed a verdict under the rule set forth in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 229 N.E.2d 504.

Judgment affirmed.

BURKE, P. J., and EGAN, J., concur.