**John J. Justice and Della Justice, Plaintiffs-Appellees, v. Wilbur Justice, Defendant-Appellant.**

Gen. No. 11,075.

Fourth District.

November 6, 1969.

Rehearing denied November 6, 1969.

Claudon, Elson & Lloyd, of Canton (James J. Elson, of counsel), for appellant.

Knuppel, Grosboll, Becker & Tice, of Petersburg (Eldon H. Becker, of counsel), for appellees.

SMITH, J.

The jury returned a verdict finding the defendant, Wilbur Justice, guilty of negligence in causing injuries to the plaintiff, John Justice, in a logging operation. Judgment was entered on the jury verdict. The jury returned a verdict finding Wilbur Justice not guilty on Count II of the complaint in which Della Justice sought recovery for loss of consortium and a judgment in bar was entered. Della Justice does not appeal. This appeal is taken by the defendant on the judgment against him for $7,500.

■ It is first urged that the trial court erred in selecting the jury. When the case was called for trial, the trial court indicated that it would conduct the voir dire examination, would furnish counsel with copies of the proposed questions, and offered them an opportunity to submit further questions in writing. Neither counsel submitted any questions. Both counsel objected to this procedure prior to the examination of the jury and reiterated their specific objections after the jury had been selected. Both counsel indicate their disenchantment with a jury where the trial judge conducts the voir dire in toto and were apparently setting up the record for an appeal in event of adverse results from the trial court. On the record before us, we do not reach the propriety or impropriety of this action. There is no prejudicial error charged by the defendant and under like circumstances in Pushauer v. Demers, 86 Ill App2d 251, 229 NE2d 908, the court stated that "Clearly it is no longer expected of a judge in a jury trial that he shall sit like his 'grandsire cut in alabaster' . . . where no prejudicial error is charged, we see no occasion for determining the limits within which the trial judge may question prospective jurors." The plaintiff does not charge or point out any specific prejudice on the part of the jury. Both parties are apparently satisfied with the verdict so far as the complaint of Della Justice is concerned and obviously the plaintiff is happy with the jury verdict for $7,500. In this state of the record, neither party is in any position to complain that the jury was not a fair and impartial jury.

■■ In People v. Lexow, 23 Ill2d 541, 179 NE2d 683, the court discussed Rule 24–1 (now Rule 234), Ill Rev Stats 1967, c 110A, § 234, and held in substance that this rule imposes upon the trial judge the primary duty of examining the jurors and gives him considerable discretion as to any further examination by the parties or their counsel. It seems almost simplicity itself to say that

where a voir dire examination, whether conducted by the court or by counsel, results in a qualified and impartial jury, no prejudicial error can occur in its selection. In the case at bar, one counsel accepts both verdicts as a work product of a fair and impartial jury. The defendant's counsel accepts the verdict in the complaint of Della Justice as a work product of a fair and impartial jury, but repudiates that concept as to the work product of the same jury so far as John Justice is concerned. We find it difficult to conclude that counsel's interrogation would have improved upon either the quality or the impartiality of the jury.

■ The defendant next contends that the trial court erred in submitting the case to the jury on the question of ordinary negligence rather than on willful and wanton misconduct under the provisions of our so-called "guest statute." Ill Rev Stats 1967, c 95½, § 9–201. In the instant case, the plaintiff and the defendant were brothers and the defendant asked the plaintiff to come over and help him load some logs. In loading the logs, two trucks were employed. The plaintiff was on the bed of one truck putting in some end stakes when, in moving the truck, the defendant bumped it into a tree and plaintiff's suit is based on defendant's negligence in the operation of the truck and in hitting the tree, causing the plaintiff to fall or causing a tree limb to fall on him. It is the defendant's theory that if the plaintiff was a guest or engaged in a joint enterprise with the defendant-owner or driver of the motor vehicle, there can be no recovery by the plaintiff without proof of willful and wanton misconduct on the part of the defendant. Such are the plain words of the statute. The defendant cites no other authority for his position, but merely states that the plaintiff either was or was not a guest. We agree. There is no evidence in the record justifying a conclusion that it was a joint venture between the brothers. The term "guest" has been recently defined

in Sinclair v. Thomas, 90 Ill App2d 114, 119, 234 NE2d 368, 371, in the following language:

"If the transportation confers only a benefit incident to hospitality, companionship or the like, the passenger is a guest, but if it is primarily for some objective or purpose of the operator, the passenger is not a guest within the meaning of the statute. Connett v. Winget, 374 Ill 531, 30 NE2d 1; Dirksmeyer v. Barnes, 2 Ill App2d 496, 119 NE2d 813; Gass v. Carducci, 37 Ill App2d 181, 185 NE2d 285; Perrine v. Charles T. Bisch & Son, 346 Ill App 321, 105 NE 2d 543."

■ The evidence shows that the plaintiff was on the platform of the truck at the invitation of his brother to come over and assist him in loading some logs. There is no evidence that he was to be paid for it or that it was a joint enterprise or that there was an employee or employer-relationship, but that the plaintiff's presence on the truck was primarily and solely for an objective or purpose of the operator, i. e., of loading the logs. This precludes any thought that his presence on the truck was incidental to any hospitality, companionship or to enjoy any of the social amenities. Under these circumstances, the plaintiff is not a guest within the statute and he is, therefore, not required to prove more than ordinary negligence.

■■ The defendant also objects to the refusal of an instruction on the assumption of risk. He states that it is inconsistent to refuse such an instruction when the issue instruction given by the plaintiffs stated that the defendant had negligently failed to provide the plaintiff with a safe place to assist him with his undertaking of loading the logs. This, the defendant says, has the flavor of an employer-employee instruction. Therefore, the assumption of risk instruction should be given. Both the plaintiff and the defendant, he says, were professional

259

loggers and ought to be in the same category as the jockey in Gray v. Pflanz, 341 Ill App 527, 94 NE2d 693, where it was stated that the plaintiff ". . . assumed the inherent risks of his profession and for those risks defendant could not be held liable." For our purposes, we may concede that both of these men assumed the hazards inherent in the logging industry. It is, however, fundamental that the assumption of risk doctrine does not encompass the assumption of responsibility for the negligent acts or omissions of some other person which may cause injury to the plaintiff. There was no error in the refusal of the instruction.

■ The defendant further contends that under the facts in this case there was a pure accident and it is speculation and conjecture to determine that any negligent act of the defendant in this case was the proximate cause of the plaintiff's injury. The occurrence events are actually meager. The plaintiff testified that he was on the platform of the flat-bottomed truck while his brother, the defendant, was moving it; that it was backed into a tree; that he didn't pay too much attention to it, and that the last thing he remembers was being on the truck. The defendant indicates that he did back into a tree with the truck, and an examination indicated that there was fresh bark off the tree at the approximate height of the rear end of the truck, i. e., four feet, and that he got out of the truck and had walked some 40 or 50 feet when he heard something and saw his brother, John, on the ground. The complaint alleged that the injuries to the plaintiff were due either to the negligent operation of the truck by the defendant or that by bumping into the tree a limb was jarred loose and struck the plaintiff. The defendant suggests that if the latter was the case, the loose limb might have been jarred loose either by the wind, a squirrel or some other means. The injuries to the plaintiff were contusions on each side of his forehead and head and he wound up with a compressed fracture of the fourth thoracic vertebra. When

260

the defendant heard the noise and turned to him, he was not "in good shape" and was unconscious. From these provable facts, it appears to us that there are several inferences which might be drawn by the trier of facts. From the evidence here, it could reasonably be inferred that the injuries sustained were the result of a pure accident, without negligent responsibility on the part of the defendant. That is one inference. The nature of the injuries to the plaintiff suggest that the injury sustained came from above, and another reasonable inference is that the bump to the tree which was sufficiently hard to remove about four inches of bark jostled and loosened a limb in the tree. There were loose limbs around the plaintiff after the accident and one of such limbs reasonably could have caused the injury. We cannot say from this situation that there is a complete absence of probative facts to support the conclusions drawn by the jury that the negligent operation of the truck caused the injury. They chose between two possible inferences. In such circumstances, "Whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference." Lavender v. Kurn, 327 US 645, 90 L Ed 916, 66 S Ct 740 (1945) ; Manion v. Chicago, R. I. & P. Ry. Co., 12 Ill App2d 1, 138 NE2d 98.

The defendant likewise complains that the plaintiff used as a part of his case in chief photographs which he discovered in the defendant's file during pretrial discovery procedures. He contends that basic principles of justice should not allow the abstraction and use of such evidence without some safeguards being established. He cites no authority, nor does he suggest any safeguards, nor does he indicate wherein the fact that they were taken for the defendant makes them inadmissible or entitled to no evidentiary value. The photographs were admissible.

261

There appearing to us to be no error warranting a disturbance of the jury's verdict in this case, the judgment of the trial court is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.