ANNA BERNARDONI, Plaintiff-Appellant, *v.* ALLISON HEBEL, Defendant-Appellee.

Third District No. 81-95

———

Opinion filed October 20, 1981.

Eric B. Doebler, of Cantlin, Bute & Associates, of Ottawa, for appellant.

Douglas J. Pomatto and Robert V. Dewey, Jr., both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff Anna Bernardoni filed a two-count complaint to recover damages for personal injuries allegedly occasioned by the negligence and wilful and wanton misconduct of defendant Allison Hebel. After the voluntary dismissal of the count alleging wilful and wanton misconduct, the cause proceeded to a jury trial in the circuit court of La Salle County. The jury returned a general verdict in favor of defendant·and judgment was entered thereon. On appeal, plaintiff presents two issues for review: Whether the trial court properly denied her motions for a new trial or judgment *n.o.v.* in light of the evidence and errors in instructions.

The incident out of which this litigation arose occurred at approximately 4 p.m. on February 19, 1979, in Peru. Plaintiff was standing on the northwest corner of the intersection of Fourth and Peoria Streets, waiting for the traffic signal and walk light to permit her to proceed south across the latter street. Defendant had driven south on Peoria Street, and her vehicle was the first one stopped on the subject corner. During her discovery deposition, plaintiff stated she at no time saw defendant's automobile, but at trial she testified that she saw the vehicle when it was so stopped. When the traffic signal and walk sign changed, plaintiff stepped off the curb and proceeded across the street without looking left or right. Defendant proceeded to make a right hand turn.

Plaintiff's version of the ensuing accident was that she was struck on her left shoulder by defendant's subcompact automobile after she had taken three or four steps into the intersection. She testified she was in the middle of the crosswalk and was knocked unconscious. Defendant's version of the accident was that she was turning at a speed of three to five miles per hour when she saw plaintiff falling in front of her vehicle. She

had not previously seen plaintiff and never felt any impact, though in answer to a query during direct examination as to whether she struck plaintiff, defendant responded, "Yes, I suppose I did." The only other witness stated he saw plaintiff's body coming through the air and landing 10 to 15 feet from the west line of the crosswalk, while defendant's automobile was stopped at that line. It was uncontroverted that no obstruction prevented the parties from seeing one another prior to the accident. Defendant later pleaded guilty to charge of failing to yield the right-of-way.

The first issue presented for our review is whether plaintiff's motion for judgment *n.o.v.* was properly denied in light of the evidence adduced at trial. The standard applicable to the motion is that announced in *Pedrick.*

■■ The elements of an action sounding in negligence are the existence of a duty of reasonable care owed a plaintiff by a defendant, a breach of that duty, an injury proximately resulting from such a breach, and a plaintiff's freedom from contributory negligence. (*Holton v. Resurrection Hospital* (1980), 88 Ill. App. 3d 655, 410 N.E.2d 969.) While no special interrogatory was tendered to the jury, plaintiff contends the latter element is "[a]t the very center of this case * * *," so we there direct our attention.

Uncontroverted are the facts that plaintiff began to cross Fourth Street when the walk sign permitted, and that she did not look left or right after stepping off the curb. While at trial she maintained that she had seen defendant's automobile stopped at the traffic signal before she began to cross the street, she denied ever seeing the vehicle in her deposition testimony.

Plaintiff has cited numerous decisions in support of her contention that, as a matter of law, she is not guilty of contributory negligence. While an examination of each of these cases would result in an opinion of undue length, we note that in all but three decisions, the question of contributory negligence was left to the jury. We shall briefly consider these three exceptions to the general rule that this determination is a jury function. *E.g., Moran v. Gatz* (1945), 390 Ill. 478, 62 N.E.2d 443.

*Fox v. Calhoun* (1975), 34 Ill. App. 3d 336, 340 N.E.2d 125, involved a plaintiff who was struck by a motorist after getting off a bus and attempting to cross a T intersection. After disembarking, he walked, with the walk signal, in front of the bus and looked to his left and right when he reached its corner. When he then proceeded three or four feet, plaintiff was struck by the defendant motorist. The trial court directed a verdict establishing the defendant's liability. On appeal, the defendant argued, *inter alia,* that the pedestrian plaintiff was contributorily negligent as he had failed to observe the impending danger. Noting that plaintiff had

looked both ways at the edge of the bus, the fact that to some extent his view was blocked, and that he could not stay where he was; the court held he was not contributorily negligent.

*Walls v. Hofbauer* (1977), 45 Ill. App. 3d 394, 359 N.E.2d 1037, involved an eight-year-old boy who was struck by the defendant motorist while walking in a crosswalk. The boy looked left and right and noticed the defendant's automobile a considerable distance away. When he then began to cross the street, he was struck. The court set aside an answer to a special interrogatory finding the minor was contributorily negligent as against the manifest weight of the evidence.

*Albaugh v. Cooley* (1980), 88 Ill. App. 3d 320, 410 N.E.2d 873, *appeal allowed* (1981), 82 Ill. 2d 583, involved a plaintiff who was struck by the defendant motorist while crossing a street in an unmarked crosswalk. He looked to his left and saw defendant's automobile one-half to one block away. The plaintiff then began to cross the street while looking in a westerly direction. When he reached the middle of the street, the vehicle struck him. By special interrogatory, plaintiff was found guilty of contributory negligence. On appeal, the court held plaintiff had a right to rely on a driver on a suburban street seeing and permitting a pedestrian to cross when one-half to one block away.

Each of these cases involves a pedestrian who looked to see if he could safely cross a street before commencing, or during, such a crossing. *Fox* additionally involves some obstruction of the pedestrian's vision. While the factual differences are obvious, neither of these factors is here present. There was nothing obstructing plaintiff's view and no testimony indicating she looked left or right, although if the jury believed her trial, rather than deposition testimony, she did notice defendant's automobile when it was stopped. Even if the jury so believed, the record is void of even an implication that plaintiff looked for moving vehicles at any time. ■■■ The supreme court has indicated the role of the jury in cases of this nature:

> "Each case must be determined from its particular facts. The question of contributory negligence is one which is pre-eminently for the consideration of a jury. It cannot be defined in exact terms and unless it can be said that the failure of the plaintiff to look again was so palpably contrary to the conduct of a reasonably prudent person as to show contributory negligence, the issue is one for the jury. [Citation.]
> *  *  *
>
> The rule seems to be quite universal that a pedestrian's failure to keep a constant lookout, or to look again after having determined that he can safely cross ahead of approaching traffic, is not con-

tributory negligence as a matter of law but it is a question for a jury whether he was in the exercise of ordinary care for his own safety. [Citations.]

Each case must be considered in the light of the facts and circumstances surrounding it. The pedestrian's right of way is not absolute because both he and the vehicle happen to be on the street at the same time. * * *" (*Moran v. Gatz* (1945), 390 Ill. 478, 486, 62 N.E.2d 443, 446.)

Considering the facts and circumstances herein, we find sufficient evidence for a jury determination of contributory negligence. A verdict will not be set aside merely because the jury could have found differently or because judges feel that other conclusions would be more reasonable. (*Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836.) The trial court properly denied plaintiff's motion and entered judgment on the jury's verdict.

The second issue presented for our review is whether plaintiff's motion for a new trial was properly denied in light of the trial court's refusal to give certain instructions.

The instructions in question were based on Illinois Pattern Jury Instructions, Civil, No. 60.01 (2d ed. 1971). The trial court first admitted Plaintiff's No. 18, which read as follows:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

The driver is to yield the right-of-way to a pedestrian in a crosswalk.

If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not a party was negligent before and at the time of the occurrence."

Plaintiff then tendered her No. 19:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

The driver of all vehicles shall give the right-of-way to pedestrians who are facing a walk signal and proceeding across the crosswalk in the direction of the walk signal.

If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not a party was negligent before and at the time of the occurrence."

The court ruled that she had to select one of these instructions, and

plaintiff chose the latter. The court also refused to give Plaintiff's No. 22, which read:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

That no person may drive a vehicle in an intersection until such movement can be made with reasonable safety.

If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not a party was negligent before and at the time of the occurrence."

Lending perspective to this situation is an examination of the issue instruction, Plaintiff's No. 24, which provided, *inter alia*:

"(1) The plaintiff claims he [*sic*] was injured and sustained damage while exercising ordinary care and that the defendant was negligent in one or more of the following respects:

Failed to yield the right-of-way to a pedestrian within a crosswalk according to a statute in effect requiring traffic and vehicles to yield to pedestrians in a crosswalk.

Failed to yield the right-of-way to the plaintiff as she was crossing said intersection.

Failed to keep a proper lookout for persons who might be crossing said intersection in question.

Turned said automobile at the intersection when movement could not be made with reasonable safety."

It can be seen that the first allegation of negligence in this instruction is essentially the same as the refused plaintiff's No. 18. The fourth allegation is likewise essentially the same as the refused plaintiff's No. 22, although the latter instruction specifically mentioned the underlying statute.

■ Where several instructions embodying the same legal principle are submitted to the court, it may select the one it sees fit and need not repeat the same proposition of law in different language in separate instructions. (*Lau v. West Towns Bus Co.* (1959), 16 Ill. 2d 442, 158 N.E.2d 63, *appeal dismissed, cert. denied* (1959), 361 U.S. 127, 4 L. Ed. 2d 180, 80 S. Ct. 256.) It is ordinarily the province of the court to determine whether a statute, or the language used in a statute, is clear enough to be given to the jury without explanation, and unless it can be said that the failure to give such an instruction is prejudicial to the rights of the parties, it is not error for the court to refuse it. (*Clarke v. Storchak* (1943), 384 Ill. 564, 52 N.E.2d 229, *appeal dismissed* (1944), 322 U.S. 713, 88 L. Ed. 1555, 64 S. Ct. 1270.) As we find no prejudice to plaintiff as a result of the refused instructions, the trial court's decision was proper.

Accordingly, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

SCOTT, P. J., and HEIPLE, J., concur.